EXHIBIT A

WILLIAM BLUMENTHAL
General Counsel

RAYMOND E. MCKOWN, Bar # 150975
BARBARA Y. K. CHUN, Bar # 186907
Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024
(310) 824-4343 (voice)
(310) 824-4380 (fax)
rmckown@ftc.gov
bchun@ftc.gov

BEVIN MURPHY
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C. 20580
(202)326-2191 (voice)
(202) 326-3629 (fax)
bmurphy1@ftc.gov

JS - 6

Attorneys for Plaintiff FTC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>EDEBITPAY, LLC; EDP REPORTING, LLC; EDP TECHNOLOGIES CORPORATION; SECURE DEPOSIT CARD, INC.; and<br><br>DALE PAUL CLEVELAND and WILLIAM RICHARD WILSON;<br><br>Defendants. | CV 07-4880 ODW (AJWx)<br><br>~~SETTLEMENT AGREEMENT AND~~ [Proposed] STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF<br><br>cc: FISCAL |

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this civil action on July 30, 2007, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure temporary, preliminary, and permanent injunctive relief, rescission of contracts, restitution, disgorgement of ill-gotten monies, and other equitable relief alleging that Defendants engaged in unfair

Case 2:07-cv-04880-ODW-AJW Document 75-1 Filed 10/06/10 Page 3 of 24 Page ID
#:1883
Case 2:07-cv-04880-ODW-AJW Document 35 Filed 06/47/2008 Page 2 of 23

or deceptive acts or practices in violation of Section 5(a) of the FTC Act,

15 U.S.C. § 45(a).

Defendants, without any findings of fact except as expressly provided herein or admission of any wrongdoing or violation of law, hereby agree to resolve this matter as set forth herein and agree to the entry of this Settlement Agreement and Stipulated Final Order for Permanent Injunction and Monetary Relief ("Order").

FINDINGS OF FACT

1. This Court has jurisdiction over the subject matter of this case and over Defendants.

2. Venue as to Defendants in the Central District of California is proper.

3. The activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief can be granted, and the Commission has the authority to seek the relief it has requested.

5. Defendants waive: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claim Defendants may have against the Commission, its employees, representatives, or agents; (c) any claim Defendants may have against the Receiver, his employees, representatives, or agents; (d) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (e) any rights to attorneys' fees that may arise under said provision of law.

6. This Order was drafted jointly by Plaintiff and Defendants and reflects the negotiated agreement of the parties.

7. Defendants have not admitted any cause of action in the Complaint and their agreement to settle and resolve this action shall not be interpreted to constitute an admission that they have engaged in any violation of any law or regulation.

8. The relief set forth in this Order is remedial in nature and shall not be construed as the payment of any fine, penalty, punitive assessment, or forfeiture.

9. Entry of this Order is in the public interest and in the interest of the parties.

DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Assisting Others" means knowingly providing any of the following goods or services to another entity:

      a. performing customer service functions, including but not limited to, receiving or responding to consumer complaints;

      b. formulating or providing, or arranging for the formulation or provision of, any marketing materials;

      c. providing names of, or assisting in the generation of, potential customers; or

      d. performing marketing services of any kind.

2. "Billing Information" means data, including but not limited to, name, address, telephone number, email address, account number, routing number, date of birth, or social security number, that enable any person to access a customer's or donor's account, including but not limited to credit card, debit card, prepaid card, checking, savings, utility, mortgage loan, share draft, or similar accounts.

3. "Business Entity Defendants" means EDebitpay, LLC; EDP Reporting, LLC; EDP Technologies Corporation; and Secure Deposit Card, Inc., and each of them by whatever names each might be known.

4. "Clearly and Conspicuously" means:

      a. in textual communications (e.g., printed publications or words displayed on the screen of an electronic device), the required disclosures are of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear;

      b. in communications disseminated orally or through audible means (e.g., radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

      c. in communications disseminated through video means (e.g., television or streaming video), the required disclosures are in writing in a form

Case 2:07-cv-04880-ODW-AJW Document 75-1 Filed 10/06/47 Page 5 of 24 Page ID
#:1885
Case 2:07-cv-04880-ODW-AJW Document 35 Filed 09/47/2008 Page 4 of 23

consistent with subparagraph (a) of this definition and shall appear on the screen for a
duration sufficient for an ordinary consumer to read and comprehend them;

      d.  in communications made through interactive media such as the
Internet, online services, and software:

            i.  the required disclosures are unavoidable and presented in a form
consistent with subparagraph (a) of this definition in addition to any audio or video
presentation of them; and

            ii.  "in close proximity" shall mean on the same webpage, online
service page, or other electronic page, and proximate to the triggering representation,
and shall not be accessed or displayed through hyperlinks, pop-ups, interstitials, or
other means; and

      e.  in all instances, the required disclosures are presented prior to the
consumer incurring any financial obligation, in an understandable language and
syntax, and with nothing contrary to, inconsistent with, or in mitigation of the
disclosures used in any communication with them.

    5.  "Defendants" means EDebitpay, LLC; EDP Reporting, LLC; EDP
Technologies Corporation; Secure Deposit Card, Inc.; Dale Paul Cleveland; and
William Richard Wilson, and each of them by whatever names each might be known.

    6.  "Document" is synonymous in meaning and equal in scope to the usage of
the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings,
graphs, charts, photographs, audio and video recordings, computer records, and other
data compilations from which the information can be obtained and translated, if
necessary, through detection devices into reasonably usable form.  A draft or non-
identical copy is a separate document within the meaning of the term.

    7.  "Individual Defendants" means Dale Paul Cleveland and William Richard
Wilson, and each of them by whatever names each might be known.

    8.  "Marketing Affiliate" means any third party with which any Defendant has
an agreement under which:

      a.  the Defendant agrees to pay a commission or other compensation to

the Marketing Affiliate because the Marketing Affiliate has driven or referred customers or potential customers to the Defendant; or

        b.  the Marketing Affiliate agrees to pay a commission or other compensation to the Defendant because the Defendant has driven or referred customers or potential customers to the Marketing Affiliate.

9.  "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

## I.  RESTRICTIONS ON BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that in connection with the advertising, promotion, marketing, offering, or sale of goods or services by Internet or otherwise, Defendants and their officers, directors, agents, servants, employees, salespersons, independent contractors, corporations, subsidiaries, branches or business divisions, attorneys, successors, assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity are hereby restrained and enjoined from, directly or indirectly:

A.  Debiting or causing consumers' bank or financial accounts to be debited, or assessing any fee or charge against consumers or their bank or financial accounts, without first obtaining the consumers' express informed consent for the debit, charge, or fee;

B.  Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material to a consumer's decision to apply for or purchase any product or service offered by any Defendant, including but not limited to:

        1.  that consumers can obtain any product or service, including but not limited to a prepaid card, debit card, or credit card, at no cost or obligation;

        2.  the amount of any fee, charge, or bill, including but not limited to the cost of any prepaid card, debit card, or credit card;

        3.  that a consumer will not be assessed a fee, or be charged or billed;

4.  that a consumer is legally obligated to pay a fee, charge, or bill;

5.  any material provision relating to the acquisition or purchase of a prepaid card, debit card, or credit card marketed or offered by any Defendant;

6.  that consumers purchased or agreed to purchase goods or services, and therefore owe money to any Defendant;

C.  Failing to clearly and conspicuously disclose the costs, fees, or charges to obtain and use any prepaid card, debit card, or credit card, and that Defendants will use consumers' personally identifiable information to impose such costs, fees, or charges, in close proximity to any instruction to provide personally identifiable information, including but not limited to name, address, date of birth, social security number, personal banking information, or billing information;

D.  Failing to clearly and conspicuously disclose the costs, fees, or charges to obtain and use any prepaid card, debit card, or credit card, in close proximity to statements such as "No Annual Fees" or "No Security Deposit" that represent that a prepaid card, debit card, or credit card can be obtained "free," without obligation, or at a reduced cost;

E.  Failing to clearly and conspicuously disclose prior to the time when a consumer applies for or purchases any good or service offered by any Defendant, the following material information, where applicable:

1.  any fee, charge, or bill that will be assessed against consumers, their financial accounts, or their bank accounts;

2.  any method that will be used to debit, charge, or bill consumers' bank or other financial accounts;

3.  that consumers' billing information will be used to debit consumers' bank or other financial accounts;

4.  that consumers' billing information or other information will be sold or transferred to third parties for marketing purposes;

5.  the material attributes of the product or service offered or marketed,

Case 2:07-cv-04880-ODW-AJW  Document 35  Filed 06/17/2008  Page 7 of 23
Case 2:07-cv-04880-ODW-AJW  Document 25-1  Filed 10/06/10  Page 8 of 34  Page ID
#:1888

e.g., that the product has the characteristics of a credit card, debit card, or stored value card; and

      6.  if a representation is made about a refund or cancellation policy, a statement of all material terms and conditions of such policy; or if there is a policy of not making refunds or cancellations, this policy;

    F.  Directly or indirectly causing billing information to be submitted for payment, in connection with the marketing or sale of any good or service, unless Defendants first obtain the express informed consent of the customer for the fee, charge or debit to or from a specified financial account, and Defendants adhere to the requirements of Section I.E.;

    G.  Failing to investigate and resolve, within thirty (30) days of receipt, any consumer complaint or request for refund pertaining to Defendants that is received by Defendants, their successors, assigns, officers, agents, servants, salespersons, employees, independent contractors, and attorneys, as well as those persons in active concert or participation with them, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, and to notify the consumer of the resolution of the complaint or request and the reason therefor; and

    H.  Failing to take reasonable steps sufficient to monitor and ensure that all Defendants' agents, representatives, employees, independent contractors, and Marketing Affiliates comply with the requirements of Subsections I.A - I.G.  Such steps shall require, at a minimum, that prior to Defendants' acceptance of any prospective Marketing Affiliate, Defendants shall:

      1.  provide the Marketing Affiliate with a copy of this Order;

      2.  obtain a signed and dated acknowledgment from the Marketing Affiliate in which the Marketing Affiliate:

        a.  acknowledges receipt of this Order;

        b.  expressly agrees to distribute a copy of the Order to the Marketing Affiliate's owners, managers, and division heads;

c. expressly agrees to comply with the terms of Section I; and

3. provide written notice to the Marketing Affiliate that failing to comply with the terms of Section I will result in immediate termination of Defendants' agreement with the Marketing Affiliate and the forfeiture of all monies earned or owed.

## II. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A. In accordance with directions provided by the Federal Trade Commission, Defendants shall pay to the Commission Two Million, Two Hundred Fifty-Eight Thousand, Two Hundred Fifty-Eight Dollars ($2,258,258), plus the net proceeds, if any, from the sale of one automobile, VIN No. xxxxxxxxx04458. No portion of any payment under this Order shall be deemed a payment of any fine, penalty, or punitive assessment. The payment and the transfer of any net proceeds from the sale of the identified automobile shall be made as follows:

1. The Temporary Receiver's settlement account currently holds Two Million, One Hundred Twenty-Two Thousand, Twenty-Nine Dollars ($2,122,029) that is frozen pursuant to the Court's asset freeze. Upon Defendants' execution of this Order, Defendants shall transfer an additional One Hundred Thirty-Six Thousand, Two Hundred Twenty-Nine Dollars ($136,229), and any other funds that are necessary to bring the Temporary Receiver's settlement account holdings to Two Million, Two Hundred Fifty-Eight Thousand, Two Hundred Fifty-Eight Dollars ($2,258,258). In addition, upon entry of this Order by the Court, Defendants shall provide a power of attorney to the Temporary Receiver, which shall give the Temporary Receiver full authority to sell the identified automobile, pay any outstanding liens, and pay any net proceeds to the Commission as soon as practicable after the sale of the identified automobile;

2. Within five (5) business days after entry of this Order, the Temporary Receiver shall pay Two Million, Two Hundred Fifty-Eight Thousand, Two Hundred Fifty-Eight Dollars ($2,258,258), less any Court authorized payments to the

Temporary Receiver, from the Temporary Receiver's settlement account to the Commission by wire transfer in accordance with directions provided by the Commission. The Temporary Receiver shall remain in place at least through the period during which the Temporary Receiver shall sell the identified automobile and deliver to the Commission all payments identified in this Section II.A;

3. If the Commission or the Court fails to accept or approve this Order, the Temporary Receiver's authority to hold the non-frozen funds, i.e., those in excess of Two Million, One Hundred Twenty-Two Thousand, Twenty-Nine Dollars ($2,122,029), which Defendants transferred to the Temporary Receiver upon Defendants' execution of this Order, shall terminate;

B. In addition to his obligations under Section II.A, by April 15, 2008, or within ninety (90) days after entry of this Order, whichever is later, Defendant Cleveland shall transfer and pay to the taxing authorities listed in the November 26, 2007, letter from defense counsel Michael Mallow to FTC counsel Raymond E. McKown, a total of Six Hundred Sixty-Seven Thousand, Two Hundred Eighty-Eight Dollars ($667,288) distributed to those authorities in the manner described in said letter from defense counsel. Within five (5) business days after such payments are made, Defendant Cleveland shall provide proof of such payments to the FTC.

C. If, by April 15, 2008, or within ninety (90) days after entry of this Order, whichever is later, Defendant Cleveland has paid less than Six Hundred Sixty-Seven Thousand, Two Hundred Eighty-Eight Dollars ($667,288) to the taxing authorities identified in the November 26, 2007, letter from defense counsel Michael Mallow to FTC counsel Raymond E. McKown, he shall pay the amount of such underpayment, along with the amount of any interest or credit he receives on account of such underpayment, to the FTC by April 29, 2008, or within one hundred five (105) days after entry of this Order, whichever is later;

D. If Defendant Cleveland fails to pay the Six Hundred Sixty-Seven Thousand, Two Hundred Eighty-Eight Dollar ($667,288) total to the identified taxing authorities or to the Commission, with interest if applicable, as required by Sections II.B and

II.C, then judgment in the amount of Twenty-Three Million, Six Hundred Ninety-Seven Thousand, Nine Hundred Sixty Dollars ($23,697,960) shall be entered and will become immediately due and payable, less any amounts already paid, against Defendant Cleveland.  Provided however, Defendant Cleveland shall have a fourteen (14) day period in which to cure his default on the Six Hundred Sixty-Seven Thousand, Two Hundred Eighty-Eight Dollar ($667,288) payment;

E.  All funds paid to or received by the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its agent.  Funds paid to or received by the Commission pursuant to this Section shall be used first to pay Temporary Receiver Howard Camhi, all of the Temporary Receiver's reasonable fees, expenses, and liabilities that have been or will be incurred in this action, including any that may be paid after the Temporary Receiver has been discharged, and second, for equitable relief, including but not limited to restitution to consumers, and any attendant expenses for the administration of such equitable relief.  In the event that direct restitution to consumers is wholly or partially impracticable or funds remain after restitution is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices as alleged in the Complaint.  Any funds not used for such equitable relief will be deposited with the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Section.  Defendants shall have no right to contest the manner of distribution chosen by the Commission;

F.  Defendants acknowledge and agree that all money paid pursuant to this Order is irrevocably paid to the Commission for purposes of settlement between the parties, and Defendants shall make no claim or demand for return of the funds, directly or indirectly, through counsel or otherwise.  In the event of bankruptcy of any Defendant, such Defendant acknowledges that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein;

G.  Defendants shall provide the Commission, or its agent, within thirty (30)

10

days of such a request, the name, last known address, telephone number, e-mail address, date of purchase, total amount paid to Defendants, amount of any full or partial refund, and the complete file record, including computer records and correspondence, for each consumer from whom Defendants debited funds, or who paid Defendants or any entity owned or controlled, in full or in part, by any Defendant, for any prepaid card or debit card, and any further information the Commission deems necessary to effectuate any restitution program for consumers;

H.  Unless already provided, each Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers), which will be used for purposes of collecting and reporting on any delinquent amount arising out of such Defendant's relationship with the government; and

I.  Any Redress Administrator shall destroy all records relating to this matter six (6) years after the transfer of any remaining funds to the FTC Treasury account or the closing of the account from which such funds were disbursed, whichever is earlier, provided that no records shall be destroyed unless and until a representative of the Commission has received and approved the Administrator's final accounting report. Records shall be destroyed in accordance with disposal methods and procedures to be specified by the Commission.  The Commission may, in its sole discretion, require that such records, in whole or in part, be transferred, in lieu of destruction, to the Commission.

## III.  RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.  The Commission's agreement to this Order is expressly premised upon: (1) timely payment pursuant to Section II of this Order; and (2) the truthfulness, accuracy, and completeness of the individual and business financial statements and other documents and information provided by Defendants that are identified in Attachment A.  Such financial statements, documents, and information constitute

H:\ODW\CV\2007\4880 Final Order 1-17-08.wpd

material information upon which the FTC has relied in negotiating and agreeing to the terms of this Order;

B.  If, upon motion by the Commission, this Court finds that a Defendant has (1) failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the submitted financial statements, documents, or information identified in Attachment A, or (2) failed to make timely payment to the FTC pursuant to Section II.A of this Order, then, as to that Defendant, judgment in the amount of Twenty-Three Million, Six Hundred Ninety-Seven Thousand, Nine Hundred Sixty Dollars ($23,697,960) shall be entered and will become immediately due and payable, less any amounts already paid.  In addition to modifying such Defendant's monetary liability pursuant to Section II.A of this Order, the Court may order such Defendant to turn over any asset that he or it has misrepresented or failed to disclose, or its liquid value, to the Commission, the value of which shall be credited against the remaining balance of any judgment obtained by the FTC pursuant to this Section.  Provided however, that in all other respects this Order shall remain in full force and effect, unless otherwise modified by the Court. Modification of such Defendant's monetary liability as provided herein shall be in addition to, and not in lieu of, any other remedies that may lie for any misrepresentation in or omission from such Defendant's financial statement, documents, or information as identified in Attachment A; and

C.  While Defendants do not admit any of the allegations in the FTC's Complaint, they nonetheless waive the right to contest those allegations in any proceedings to enforce payment or in response to any motion brought under this Section, including without limitation in any response to a nondischargeability complaint filed in a bankruptcy proceeding.

## IV.  TERMINATION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on Defendants' assets ordered by this Court shall terminate when the Commission files notice with the Court that the payments identified in Section II.A, above, have been made.

## V.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.  Within ten (10) days of receipt of written notice from a representative of the Commission, Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc., each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control, to inspect the business operation;

B.  In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.  obtaining discovery from any person, without further leave of Court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.  posing as consumers and suppliers to Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, or Secure Deposit Card, Inc., their employees, or any other entity managed or controlled in whole or in part by Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, or Secure Deposit Card, Inc., without the necessity of identification or prior notice; and

C.  Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc., shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present;

provided however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony,

or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.  COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of five (5) years from the date of entry of this Order,

1.  Dale Paul Cleveland and William Richard Wilson shall each notify the Commission of the following:

a.  any changes in his residence, mailing addresses, and telephone numbers within ten (10) days of the date of such change;

b.  any changes in his employment status (including self-employment) and any change in his ownership interest in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of his duties and responsibilities in connection with the business or employment; and

c.  any change in Dale Paul Cleveland's or William Richard Wilson's name or use of any aliases or fictitious names;

2.  Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc., shall notify the Commission of any changes in the corporate or business structure of EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, or Secure Deposit Card, Inc., or any business entity that Dale Paul Cleveland or William Richard Wilson directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices that are subject to this Order; the filing of

a bankruptcy petition; or a change in the corporate or business entity name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the corporation or business entity about which the Defendants learn of less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge;

B.  One hundred eighty (180) days after the date of entry of this Order, Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc., shall each provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.  for Dale Paul Cleveland and William Richard Wilson:

a.  the then-current residence address, mailing addresses, and telephone numbers of each;

b.  the then-current employment and business addresses and telephone numbers of Dale Paul Cleveland and William Richard Wilson, a description of the business activities of each such employer or business, and the title and responsibilities of each Individual Defendant for each such employer or business; and

c.  any other changes required to be reported under subparagraph A of this Section VI;

2.  for all Defendants:

a.  a copy of each acknowledgment of receipt of this Order obtained pursuant to Sections I and VIII; and

b.  any other changes required to be reported under subparagraph A of this Section VI;

C.  For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director, Division of Enforcement
Federal Trade Commission
601 New Jersey Avenue, N. W.,
Washington, DC 20580
RE:  FTC v. EDebitPay

D.  For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants, subject to Defendant's expressed request to have counsel present.

## VII.  RECORD KEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with any business where Dale Paul Cleveland, William Richard Wilson, EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, or Secure Deposit Card, Inc., is the majority owner of the business or directly or indirectly manages or controls the business, in connection with the marketing or sale of prepaid cards, debit cards, or credit cards, each Defendant and its agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.  Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Sections I, VIII, and IX, and all reports submitted to the FTC pursuant to Section VI.

## VIII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of this Order as directed below:

A.  Business Entity Defendants: EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc., must each deliver a copy of this Order to all of its principals, officers, directors, and managers.  These Business Entity Defendants must also deliver a copy of this Order to all of their employees who are engaged in conduct related to the advertising, marketing, sale, or delivery of, prepaid cards, debit cards, credit cards, consumer information, or other products or services sold by Defendants, or any division that responds to consumer complaints or inquiries regarding such products.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendants.  For new personnel, delivery shall occur prior to them assuming their responsibilities;

B.  Dale Paul Cleveland or William Richard Wilson as control person: For any business that Dale Paul Cleveland or William Richard Wilson controls, directly or indirectly, or in which Dale Paul Cleveland or William Richard Wilson has a majority ownership interest, the Individual Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business.  The Individual Defendant must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendants.  For new personnel, delivery shall occur prior to them assuming their responsibilities;

C.  Dale Paul Cleveland or William Richard Wilson as employee or non-control person: For any business where Dale Paul Cleveland or William Richard Wilson is not

a controlling person of a business but otherwise supervises or engages in conduct related to the subject matter of this Order, the Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct; and

D.  EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc., Dale Paul Cleveland, and William Richard Wilson must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## IX.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.  An example of such a form is provided as Attachment B.

## X.  RESTRICTIONS ON ACTS INVOLVING
## PREVIOUS CUSTOMERS AND OTHER PERSONS

**IT IS FURTHER ORDERED** that Defendants and their officers, directors, agents, servants, employees, salespersons, independent contractors, corporations, subsidiaries, branches or business divisions, attorneys, successors, assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity are hereby permanently restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, email address, financial account number, social security number, or other information that identifies a consumer, where such information was obtained by Defendants prior to August 13, 2007; and

B.  Soliciting or assisting others to solicit any consumer whose identifying information was obtained by Defendants prior to August 13, 2007;

provided however, that nothwithstanding the foregoing, Defendants may not sell, rent, lease, transfer, or otherwise disclose the name, address, telephone number, email address, financial account number, social security number, or other information that identifies a consumer, or solicit or assist others to solicit any consumer, if at the time of such action Defendants are not complying with any provision of Section I.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XII. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

**IT IS SO ORDERED.**

Date: January 17, 2008

_____
Honorable Otis D. Wright II
United States District Judge

Date: _____
Raymond E. McKown, Esq.
Barbara Y.K. Chun, Esq.
Bevin Murphy, Esq.
Attorneys for Plaintiff
Federal Trade Commission

Date: _____
Dale Paul Cleveland, individually, and as an officer of EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc.

Date: _____
William Richard Wilson, individually,

H:\ODW\CV\2007\4880 Final Order 1-17-08.wpd

and as an officer of EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc.

Date: _____

    EDebitPay, LLC by its officer Dale Paul Cleveland or William Richard Wilson

Date: _____

    EDP Reporting, LLC by its officer Dale Paul Cleveland or William Richard Wilson

Date: _____

    EDP Technologies Corporation, by its officer Dale Paul Cleveland or William Richard Wilson

Date: _____

    Secure Deposit Card, Inc., by its officer Dale Paul Cleveland or William Richard Wilson

APPROVED AS TO FORM:

Date: _____

    Michael L. Mallow, Esq.
    Loeb & Loeb, LLP
    Attorney for Defendants EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, Secure Deposit Card, Inc., Dale Paul Cleveland, and William Richard Wilson

Date: _____

    Howard Camhi, Esq., Temporary Receiver for EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corporation, and Secure Deposit Card, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A
[List of Documents and Information Relied On By the Commission]

EdebitPay:

    Form Re: Financial Statement for Business Entity Defendant with attachments, signed 8/10/07 by Dale Paul Cleveland

    09/26/07 Email from Michael Langston, Van Nuys Flight Center, to Paul Cleveland, and 09/20/07 Fax from Cessna Finance

Dale Paul Cleveland:

    Form Re: Financial Statement for Individual Defendant with attachments, signed 8/6/07 by Dale Paul Cleveland

    11/13/07 Letter from Nathan Pratt re: Emergency Sale of 12027 Talus Place

William Richard Wilson:

    Form Re: Financial Statement for Individual Defendant with attachments, signed 8/8/07 by William Richard Wilson

    9/25/07 Letter from Nathan Pratt re: Emergency Sale of 953 Laurel, Los Angeles, CA 90046

ATTACHMENT B

UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____


_____
                                                    )
                                                    )
FEDERAL TRADE COMMISSION,        )        CIVIL ACTION NO.
                                                    )
                    Plaintiff,               )
                                                    )
                                                    )        AFFIDAVIT  OF
        v.                                      )        DEFENDANT --------
                                                    )
DEFENDANT, et al.                       )
                                                    )
                    Defendants.         )
_____ )


        [*Name of defendant*], being duly sworn, hereby states and affirms as follows:


        1.        My name is_____. My current residence address

is _____. I am a citizen

of the United States and am over the age of eighteen.  I have personal knowledge of

the facts set forth in this Affidavit.

2.     I am a defendant in <u>FTC v. Defendant, et al.</u> (United States District Court

for the _____ District of _____).

3.     On [*date*], I received a copy of the [*state full name of the Final Order as

it appears on the Order itself*], which was signed by the Honorable [*name of U.S.

District Judge*] and entered by the Court on [*date of entry of Order*].

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.  Executed on [*date*], at [*city and state*].

_____

[*Full name of defendant*]

State of _____, City of _____

Subscribed and sworn to before me this _____ day of _____, 2007___.

_____
Notary Public
My Commission Expires:
_____

acknowledging receipt of this Order.