# EXHIBIT K -- TRO ORDER

FILED
CLERK, U.S. DISTRICT COURT

JUL 30 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION

                    Plaintiff,

v.

EDEBITPAY, LLC; EDP REPORTING,
LLC; EDP TECHNOLOGIES
CORPORATION; SECURE DEPOSIT
CARD, INC.; and

DALE PAUL CLEVELAND and
WILLIAM RICHARD WILSON;

                    Defendants.

CV **CV 07 4880 ODW (AJW)

[PROPOSED]

TEMPORARY RESTRAINING ORDER
WITH ASSET FREEZE, APPOINTMENT
OF TEMPORARY RECEIVER,
IMMEDIATE ACCESS TO BUSINESS
PREMISES, EXPEDITED DISCOVERY,
AND ORDER TO SHOW CAUSE WHY
A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE

    Plaintiff Federal Trade Commission ("Commission" or "FTC"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a complaint for injunctive and other equitable relief, and applied for a temporary restraining order with asset freeze, the appointment of a receiver, immediate access to business premises, expedited discovery, and an order to show cause why a preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

    This Court has considered plaintiff's Complaint, *Ex Parte* Application for Temporary Restraining Order ("TRO Application"), Memorandum of Points and

Authorities, Declarations and Exhibits in support of plaintiff's TRO Application, and all other papers filed herein.  It appears to the satisfaction of the Court that:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe the Court will have jurisdiction over the parties, pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.  The complaint states a claim upon which relief may be granted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

2.     Venue lies properly with this Court.

3.     There is good cause to believe that defendants EDebitpay, LLC; EDP Reporting, LLC; EDP Technologies Corporation; Secure Deposit Card, Inc.; Dale Paul Cleveland; and William Richard Wilson have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

4.     There is good cause to believe that the Commission is likely to prevail on the merits of this action;

5.     There is good cause to believe that immediate and irreparable harm will result from defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), unless defendants are immediately restrained and enjoined by Order of this Court.

6.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers--including refunds, rescission, restitution, disgorgement and other equitable relief--will occur from the sale, transfer, assignment, or other disposition or concealment by defendants of their assets or records unless they are immediately restrained and enjoined by order of this Court.

7.     Pursuant to Federal Rule of Civil Procedure 65(b) and Local Rules 7-19 and 65-1, there is thus good cause for issuing this Order.

8.     Good cause exists for appointing a temporary receiver for EDebitpay, LLC; EDP Reporting, LLC; EDP Technologies Corporation; and Secure Deposit Card, Inc.

9.     Weighing the equities and considering the Commission's likelihood of success in its causes of action, this Order is in the public interest.

10.    The Commission is an independent agency of the United States of America and no security is required of any agency of the United States of America for issuance of a restraining order under Fed. R. Civ. P. 65(c).

## ORDER

### Definitions

For purposes of this Order, the following definitions shall apply:

A.     **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including but not limited to money, goods, instruments, equipment, fixtures, general intangibles, leasehold interests, inventory, checks, notes, accounts (as those terms are defined in the Uniform Commercial Code), available credit through credit card accounts or otherwise, receivables, cash, funds, property, artwork, coins, precious metals, jewelry, chattel, mail or other deliveries, effects, lists of consumer names, contracts, or shares of stock, wherever located.

B.     **"Defendants"** means Defendants EDebitpay, LLC; EDP Reporting, LLC; EDP Technologies Corporation; Secure Deposit Card, Inc.; Dale Paul Cleveland; and William Richard Wilson, and each of them by whatever names each might be known.

C.     **"Business Entity Defendants"** means Defendants EDebitpay, LLC; EDP Reporting, LLC; EDP Technologies Corporation; and Secure Deposit Card, Inc. and each of them by whatever names each might be known.

D.     **"Individual Defendants"** means Dale Paul Cleveland and William Richard Wilson, and each of them by whatever names each might be known.

E.     **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and

includes:

1. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including but not limited to letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

2. Any electronically stored information on any desktop personal computer and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored offsite by a third-party; and computers and related offline storage used by Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

F. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, money market or mutual fund, commodity trading company, merchant account processor, or precious metal dealer, or any entity or person that holds, controls, or maintains custody of any account or asset of any Defendant.

G. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

H.   **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that in connection with the advertising, promotion, marketing, offering, or sale of goods or services by Internet or otherwise in commerce, Defendants and their officers, directors, agents, servants, employees, salespersons, independent contractors, corporations, subsidiaries, branches or business divisions, attorneys, successors, assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity are hereby temporarily restrained and enjoined from, directly or indirectly:

A.   Debiting or causing consumers' bank accounts to be debited without obtaining the consumers' express informed consent for the debit;

B.   Misrepresenting, either orally or in writing, expressly or by implication, any fact material to a consumer's decision to apply for or purchase Defendants' products or services, including that consumers can obtain any product, including but not limited to any prepaid debit card, at no cost or obligation;

C.   Misrepresenting, either orally or in writing, expressly or by implication:

   1.   that a consumer is obligated to pay a charge for any product or service; or

   2.   any material aspect of acquiring or purchasing a prepaid debit card or any other of Defendants' products or services;

D.   Failing to clearly and conspicuously disclose prior to the time when a consumer applies for or purchases any good or service from the Defendants, all material information relating to a consumer's decision to apply for or buy any good or service, including, where applicable:

   1.   the fee(s) the Defendants will assess against the consumer's bank

account(s);

2.   the method(s) Defendants will use to debit a consumer's bank account;

3.   that Defendants will use consumers' personal information, including names, addresses, social security numbers, and bank account information, to debit consumers' bank accounts;

4.   all material conditions and terms of the Defendants' refund or cancellation policies, or the fact that cancellations or refunds are not provided; and

5.   The total cost to apply for, purchase, receive, or use any good or service.

## II. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, successors, assigns, and all persons or entities directly or indirectly under the control of any of them, including any financial institution, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

A.   Except as otherwise provided herein, transferring, converting, encumbering, selling, loaning, concealing, dissipating, disbursing, assigning, spending, withdrawing, liquidating, or otherwise disposing of any assets, wherever located, that are:

1.   Owned or controlled by, or held for the benefit of, in whole or in part, any Defendant;

2.   In the actual or constructive possession of any Defendant;

3.   Owned or controlled by, or in the actual or constructive possession of, any corporation, partnership, or other entity that is directly or indirectly, in whole or in part, owned, managed, or controlled by

1  any Defendant;

2  including but not limited to assets held by or for any Defendant in
3  any account at any bank or savings and loan institution, with any
4  broker-dealer, escrow agent, title company, commodity trading
5  company, precious metal dealer, merchant account processor,
6  credit card processing agent, automated clearing house,
7  transaction processor, bank debit processing agent, customer
8  service agent, commercial mail receiving or forwarding agency,
9  freight holding or forwarding agency, or other financial institution
10 of any kind.

11  4.  This asset freeze shall include but is not limited to assets held for,
12  on behalf of, or for the benefit of any Defendant or their affiliates
13  or subsidiaries, at any financial institution, including without
14  limitation the following accounts:

15  a.  Wells Fargo, 12251 Ventura Blvd., Studio City,
16  California 91604, Routing No. 022000247, Account
17  Number XXXX-XX0209;

18  b.  Wells Fargo, Sherman Oaks, California, Routing No.
19  121042882, Account Numbers XXXX-XX3165, XXXX-
20  XX3689, and XXXX-XX3697;

21  c.  Four Oaks Bank, North Carolina.  Account Numbers
22  XXXXX4101 and XXXXX5701;

23  d.  Monterey County Bank, California.  Account Number
24  XXX0170;

25  e.  Bay Cities Bank, Florida, Account Number XXXX14700.

26  B.  Opening or causing to be opened any safe deposit boxes or storage
27  facilities titled in the name of, or held for the benefit of, in whole or in
28  part, any Defendant, or that is subject to access by any Defendant or
   under that Defendant's control, without providing the Commission with

notice and an opportunity to inspect the contents in order to determine whether they contain assets covered by this Section;

C.   Notwithstanding the provisions of Sections II.A-B above, Defendants shall each designate one account from which they may pay reasonable, usual, ordinary, and necessary living expenses or business expenses, as applicable, or attorneys fees upon satisfaction of the following conditions:

1.   The Defendant shall disclose to the Commission the account (by account number and financial institution), and its balance at the time this Order becomes effective;

2.   The Defendant shall fully comply with Section III (Financial Reports), below;

3.   The Defendant shall demonstrate to the satisfaction of counsel for the Commission that the value of that Defendant's assets will not suffer unreasonable diminution due to such proposed expenditures considering Plaintiff's likelihood of success on the merits; and

4.   **No withdrawal may be made pursuant to this Section II.C unless the Defendant has obtained written authorization from counsel for the Commission for each such withdrawal.**

D.   This Section shall be construed to apply to assets Defendants acquire following entry of this Order only if such assets are derived from the operation of any activity prohibited by this Order or any other illegal activity.  The acquisition and expenditures of such assets of $1,000 or more shall be reported to Plaintiff within two (2) business days of the acquisition or expenditure.

### III. FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that Defendants shall each, within forty-eight (48) hours after service of this Order, prepare and deliver a Financial Statement to counsel for the Commission and to the Temporary Receiver, as follows:

A.     Each Individual Defendant shall, for himself, complete and deliver a completed financial statement on the form captioned "Form Re: Financial Statement for Individual Defendant," which Plaintiff lodged concurrently with this Order.

B.     Each Business Entity Defendant shall prepare and deliver a completed financial statement on the form captioned "Form Re: Financial Statement for Business Entity Defendant," which Plaintiff lodged concurrently with this Order.

C.     Each Defendant shall prepare and deliver a completed financial statement on the form captioned "Form Re: Financial Statement for Business Entity Defendant," which is being lodged concurrently with this Order, for every other business entity owned, controlled, in whole or in part, or managed by each Defendant, under which they conduct business, or of which they are an officer, and of each trust for which they are a trustee.

D.     The Financial Statements prepared and delivered pursuant to this Section shall be accurate as of the date of the entry of this Order and shall be verified under oath. No obligation is imposed on the Temporary Receiver under this Section.

E.     Defendants shall each, within forty-eight (48) hours after entry of this Order, provide the Commission access to records and documents, pertaining to Defendants that are held by financial institutions outside the territory of the United States by signing the Consent to Release of Financial Records attached to this Order as Attachment 1.

## IV. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby temporarily

1  restrained and enjoined from, directly or indirectly:

2      A.    Destroying, erasing, mutilating, concealing, altering, transferring, or

3          otherwise disposing of, in any manner, directly or indirectly, any

4          documents that relate to the business practices or the business or personal

5          finances of Defendants; to the business practices or finances of entities

6          directly or indirectly under the control of Defendants; or to the business

7          practices or finances of entities directly or indirectly under common

8          control with any Defendant.

9      B.    This Section specifically applies to all documents related to all Internet

10          websites owned, controlled, or registered by Defendants, including but

11          not limited to any of the websites with the following domain names:

12          https://superacclaim.com; https://builderimpact.com;

13          www.sterlingcardnow.com; www.vipadvantagecard.com;

14          https://eliteplusapp.com; https://execpluscard.com; https://sdcapp.com;

15          https://vipcardnow.com; and https://instantvuecard.com.

16          **V. RECORD KEEPING/BUSINESS OPERATIONS**

17      **IT IS FURTHER ORDERED** that Defendants and their officers, directors,

18  agents, servants, employees, attorneys, successors, assigns, and all other persons or

19  entities directly or indirectly, in whole or in part, under their control, and all other

20  persons in active concert or participation with them who receive actual notice of this

21  Order by personal service, facsimile, email, or otherwise, are each hereby temporarily

22  restrained and enjoined from:

23      A.    Failing to create, maintain, and provide upon request to the Commission

24          and the Temporary Receiver, documents that in reasonable detail,

25          accurately, fairly, and completely reflect Defendants' assets (including

26          but not limited to income, loans, gifts, and revenue), disbursements,

27          transfers, transactions, and expenditures, beginning upon service or actual

28          notice of this Order;

    B.    Failing to make and keep books, records, accounts, bank statements,

current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants;

C.   Destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, any books, records, tapes, compact discs, digital audio files, computer disks, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, customer complaints, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including electronically stored information, of Defendants, in their possession, custody, or control; and

D.   Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing:

1.   the name of the business entity;

2.   the address and telephone number of the business entity;

3.   the names of the business entity's officers, directors, principals, managers, and employees; and

4.   a detailed description of the business entity's intended activities.

## VI. REQUIRED DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this Order to each subsidiary, partner, branch, division, sales entity, successor, assign, employee, independent contractor, agent, attorney, representative, and any closely held corporation, partnership, or proprietorship owned, controlled, or managed by Defendants and shall, within ten (10) calendar days from the date of entry of this Order, serve upon counsel for the Commission a sworn statement that they have

complied with this provision of the Order.  The statement shall include the names and addresses of each such person or entity who received a copy of the Order.

## VII. SERVICE OF ORDER

IT IS FURTHER ORDERED that Plaintiff's agents or employees may serve this Order upon any financial institution, or other entity or person that may have possession, custody, control, or knowledge of any documents or assets of Defendants, or any other entity or person that may be otherwise subject to any provision of this Order, by delivering a copy of the Order by any means, including personal service, facsimile, and email, to any office, branch, or location.

## VIII. CONSUMER CREDIT REPORT

IT IS FURTHER ORDERED that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency served with this Order shall promptly furnish consumer reports on Individual Defendants Dale Paul Cleveland and William Richard Wilson and any spouse of these Defendants to counsel for the Commission and to the Temporary Receiver.

## IX. IMMEDIATE ACCESS TO DEFENDANTS' BUSINESS PREMISES, BOOKS, AND RECORDS

IT IS HEREBY ORDERED that Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, shall:

    A.    Immediately identify to the Commission's counsel:

        1.    all of the Defendants' business premises;

        2.    any premises where the Defendants conduct business, or telephone or Internet sales operations or customer services operations;

        3.    any premises where documents related to the businesses of Defendants are stored or maintained;

4.    any premises where assets belonging to the Defendants are stored or maintained;

B.   Allow the Commission's representatives (including attorneys, investigators, paralegals and other staff) and the Temporary Receiver immediate access to:

1.    all of the Defendants' business premises, including but not limited to, those located at **5301 Laurel Canyon Blvd., Suites 132 and 214, Valley Village, California, 91607,** and such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Defendant;

2.    any other premises where the Defendants conduct business, or telephone or Internet sales operations, or customer service operations;

3.    any premises where documents related to the Defendants' businesses are stored or maintained; and

4.    any documents located at any of the locations described in this Section;

C.   Produce to Plaintiff and the Temporary Receiver any records or property relating to Defendants' business or assets that are located in the personal residence of any of the Individual Defendants, within forty-eight (48) hours of service of this Order, at a location designated by Plaintiff and the Temporary Receiver, including but not limited to the following:

1.    All contracts, accounting data, written or electronic correspondence, advertisements, computer tapes, disks, or other computerized or electronic records, digital audio files, books, written or printed records, handwritten notes, telephone logs, telephone scripts, telephone bills, receipt books, ledgers, membership records and lists, refund records, receipts, bank records (including personal and business monthly statements,

canceled checks, records of wire transfers, and check registers), appointment books, copies of federal, state, and local business or personal income or property tax returns, 1099 forms, title records, and other documents or records of any kind that relate to Defendants' business and assets; and

    2.   All computers and data in whatever form that relate to Defendants' business and assets;

D.   Fully cooperate with and assist Plaintiff and the Temporary Receiver with regard to this Section;

E.   Provide the Plaintiff and the Temporary Receiver with any and all passwords and other assistance necessary to obtain access to the Defendants' computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form;

F.   Upon request, provide assistance and support to the Commission's representatives and the Temporary Receiver as necessary to allow them to efficiently copy to disk, tape or other medium, any and all computer files, however stored, and any and all audio recordings or digital audio files, which are in the Defendants' custody, control or possession.

**IT IS FURTHER ORDERED** that the Commission's representatives may remove documents from the Defendants' premises to be inspected or copied, but that such documents shall be returned to the Defendants' premises within six (6) business days. The Commission's representatives and the Temporary Receiver may also photograph and videotape the inside and outside of all premises to which they are permitted access by this Order, and all documents and other items found on such premises.

**IT IS FURTHER ORDERED** that law enforcement personnel, including but not limited to the United States Marshal Service, may accompany the Commission's representatives and the Temporary Receiver in implementing the provisions of this

Section in order to keep the peace and maintain the security of the Commission's representatives and the Receiver. No one shall interfere with the Commission's or the Temporary Receiver's inspection of the Defendants' premises or documents.

**IT IS FURTHER ORDERED** that the Commission's access to the Defendants' documents pursuant to this provision shall not provide grounds for the Defendants to object to any subsequent request for documents served by the Commission pursuant to Rule 34 of the Federal Rules of Civil Procedure. Provided, however, that the Commission shall not subsequently request that the Defendants produce any document that the Commission copied pursuant to this provision. The records to be inspected, reviewed and copied pursuant to this Section are those that are relevant to this action including, but are not limited to, documents which refer or relate to:

A.  The Defendants' advertising, promotion, marketing, offering for sale, or sale of any goods or services, including but not limited to telemarketing or customer service scripts, emails, digital audio files, and Internet advertising;

B.  Communications between any Defendant and consumers, including but not limited to letters, email communications, and voice-recorded communications;

C.  Consumer complaints, including but not limited to complaints forwarded to the Defendants by law enforcement agencies or consumer advocacy organizations such as the Better Business Bureau; or

D.  Communications between any Defendant and law enforcement agencies or consumer advocacy organizations such as the Better Business Bureau;

E.  Communications between any Defendant and merchant account processors or payment processors, including but not limited to information relating to returns or chargebacks by consumers's banks against amounts billed by Defendants through any means; or

F.  Communications between any Defendant and any financial institution.

# X. RETENTION OF ASSETS AND RECORDS

**IT IS FURTHER ORDERED** that, effective immediately upon notification of this Order, and pending determination of Plaintiff's request for a preliminary injunction, any financial institution, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, merchant account processor, credit or card processing agent, automated clearing house, transaction processor, bank debit processing agent, common carrier, storage company, trustee, commercial mail receiving or forwarding agency, freight holding or forwarding agency, creditor, credit card issuer, or any other person, partnership, corporation, legal or business entity, or person that at any time since January 2002, has held, controlled, or maintained custody of any account or asset belonging to or titled in the name of any Defendant, or belonging to or titled in the name of any corporation, partnership, legal or business entity that is directly or indirectly, in whole or in part, owned, managed, or controlled by any Defendant, or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit of, any Defendant, individually or jointly, including, without limitation, the bank accounts referenced in Section II.A, shall:

A. Prohibit such Defendants and any other person or entity from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except:

    1. As directed by further order of the Court; or

    2. By written agreement between Commission counsel and any parties claiming an interest in such account or asset;

B. Maintain the status quo of any such account or asset and shall not withdraw, remove, assign, transfer, pledge, encumber, disburse, dissipate, convert, sell, or otherwise dispose of any such account or asset except:

    1. as directed by further order of the Court; or

    2. by written agreement between Commission counsel and any parties claiming an interest in such account or asset;

C.   Deny such Defendants and any other person or entity, unless accompanied by a representative of the Commission, access to any safe deposit box that is:

   1.   titled, in whole or in part, in the name of any Defendant; or

   2.   subject to access by any Defendant;

D.   Provide counsel for the Commission within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

   1.   the identification number of each such account or asset;

   2.   the balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if any asset valued at over $1,000 has been closed, removed, or transferred within the last 90 calendar days, the date removed or transferred, the total funds removed or transferred, and the name of the person or entity to whom such account or other asset was remitted;

   3.   identifying information for any safe deposit box to which Section X.C applies; and

E.   Within five (5) business days of a request by the Commission, provide to the Commission copies of all records or other documentation pertaining to such account or asset, including without limitation originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## XI. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure Rules 30(a), 31(a), 34, and 45, Plaintiff is granted leave, at any time after service of this Order:

A.   To take the deposition, including depositions upon forty-eight (48) hours'

written notice, of any person, whether or not a party, for the purpose of discovering the nature, location, status, or extent of assets of Defendants; the nature and location of documents reflecting the business transactions of Defendants; the nature and extent of Defendant's business activities; the whereabouts of Defendants; and the applicability of any evidentiary privileges to this action.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such depositions taken pursuant to this Section shall not be counted toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A);

B.   To demand the production of documents, on three (3) business days' notice, from any person, whether or not a party, relating to the nature, location, status, or extent of Defendants' assets, assets of their spouses, or assets of any parent or subsidiary corporation; the location of documents reflecting the business transactions of Defendants; the whereabouts of Defendants; and the applicability of any evidentiary privileges to this action, provided that twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored as electronic data; and

C.   Service of discovery upon a party taken pursuant to this Section shall be sufficient if made by facsimile or by overnight delivery.

## XII. PRODUCTION OF BUSINESS DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants, within forty-eight (48) hours after service of this Order, shall produce to the Commission:

A.   Documents sufficient to identify by name, address, telephone number, and email address if applicable, each customer who has had a charge imposed on his or her bank account(s) by Defendants;

B.   Documents sufficient to state the amount charged to the bank account(s)

1      of each consumer described in Section XII.A;

2  C.    Each advertisement, solicitation, template, script, or copy used to sell or

3      market any product or service sold or marketed by Defendants;

4  D.    Each version of any script or outline used to sell or market any product or

5      service sold by Defendants; and

6  E.    Documents sufficient to identify by name, address, telephone number,

7      and position all persons who have been employed by Defendants.

8      Provided, however, this Section does not require Defendants to produce

9  documents that are taken for copying by the Commission pursuant to Section IX

10  (Immediate Access to Defendants' Business Premises, Books and Records).

11  ## XIII. REPATRIATION OF ASSETS

12      **IT IS FURTHER ORDERED** that Defendants shall, within five (5) business

13  days following service of this Order, do the following:

14  A.    Repatriate to the United States all funds, documents, or assets in foreign

15      countries held either: (1) by them; (2) for their benefit; or (3) under their

16      direct or indirect control, jointly or individually;

17  B.    On the same business day as any repatriation under Section XIII.A above,

18      (1) notify the Court, counsel for the Commission, and the Temporary

19      Receiver of the name and location of the financial institution or other

20      entity that is the recipient of such funds, documents, or assets; and (2)

21      serve this Order on any such financial institution or other entity;

22  C.    Provide the Commission and the Temporary Receiver with a full

23      accounting of all funds, documents and assets outside of the territory of

24      the United States held either: (1) by them; (2) for their benefit; or (3)

25      under their direct or indirect control, jointly or individually; and

26  D.    Hold and retain all repatriated funds, documents and assets and prevent

27      any transfer, disposition, or dissipation whatsoever of any such assets or

28      funds in full compliance with this Order until further Order of this Court.

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Section, including but not limited to:

A. Sending any statement, letter, fax, email, or wire transmission, or telephoning or communicating or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to this Section;

B. Notifying any trustee, protector, or other agents of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to this Section.

## XIV. BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that, in light of the asset freeze, Individual Defendants must give 21 days' notice to Plaintiff prior to filing, or causing to be filed, on behalf of the Individual Defendants, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

## XV. APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that *Howard I. Camhi* is appointed temporary receiver ("Temporary Receiver") for Business Entity Defendants and any successors, assigns, or subsidiaries that the Business Entity Defendants control (hereinafter referred to as "Receivership Defendants"), with the full power of an equity receiver. The Temporary Receiver shall be the agent of this Court and solely the agent of this Court in acting as Temporary Receiver under this Order. The Temporary Receiver shall be accountable directly to this Court. The Temporary Receiver shall comply with all Local Rules of this Court governing receivers, including Local Rule 66-8.

## XVI. RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

A.   Assume full control of the Receivership Defendants by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.   Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Temporary Receiver shall have full power to hold and divert mail; and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. Provided, however, that the Temporary Receiver shall not attempt to collect any amount from a consumer if the Temporary Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

C.   To immediately return to consumers, without further court order, any funds that are identifiable as received from specific consumers following the Temporary Receiver's appointment or that are received at the Receivership Defendants' premises or mailboxes or forwarded to the Temporary Receiver after entry this Order and that were, based upon the Temporary Receivers's good faith determination, procured by use of the unfair or deceptive acts or practices alleged in the Complaint in this matter. Likewise, upon the Temporary Receiver's appointment, the Temporary Receiver shall take all reasonable steps to halt immediately the debit of consumer bank accounts that in the Temporary Receiver's

good faith determination were procured by the use of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

D.    Take all steps necessary to secure the business premises of the Receivership Defendants, including but not limited to all such premises located at **5301 Laurel Canyon Blvd., Suites 132 and 214, Valley Village, California, 91607.** Such steps may include, but are not limited to, the following as the Temporary Receiver deems necessary or advisable: (1) serving and filing this Order; (2) review and inspection of any documents of Receivership Defendants; (3) securing any business location of any named Defendant, including those that have been partitioned, by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at such a location; (4) completing a written inventory of all receivership assets; (5) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (6) videotaping or photographing all portions of the locations described in this Section; (7) requiring persons present on the premises described in this Section to leave the premises at the time this Order is served, and to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing documents or assets of the Receivership Defendants from the premises; and (8) notwithstanding any other provision of this Order, the Temporary Receiver shall determine what constitutes reasonable access by other persons or entities to the business premises of the Receivership Defendants;

E.  Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

F.  Enter into contracts and purchase insurance as advisable or necessary;

G.  Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.  Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Temporary Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K.  Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all

other applicable laws, including but not limited to, revising sales materials and implementing monitoring procedures;

L.   Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

M.   Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Temporary Receiver in her role as receiver, or against the Receivership Defendants that the Temporary Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

N.   Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Temporary Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

O.   Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

P.   Open one or more bank accounts in the Central District of California as designated depositories for funds of the Receivership Defendants.  The Temporary Receiver shall deposit all funds of the Receivership

Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

Q.   Maintain accurate records of all receipts and expenditures made as Temporary Receiver;

R.   To determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including but not limited to, revising sales materials and implementing monitoring procedures; and

S.   Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

IT IS FURTHER ORDERED that the Temporary Receiver will be responsible for maintaining the chain of custody of all of Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the Commission.

## XVII.   COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity shall fully cooperate with and assist the Temporary Receiver.

A.   Cooperation shall include, but not be limited to:

1.   Providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the responsibilities of the Temporary Receiver under this Order, including allowing the Temporary Receiver to inspect documents and assets, and to partition office space;

2.    Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

3.    Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

B.    Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity, are hereby restrained and enjoined from directly or indirectly:

1.    Transacting any of the business of the Receivership Defendants;

2.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

3.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Temporary Receiver;

4.    Excusing debts owed to the Receivership Defendants;

5.    Failing to notify the Temporary Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide

any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets;

6.    Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver's managing or taking custody, control, or possession of the assets or documents subject to this receivership; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

7.    Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## XVIII.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.    Immediately upon service of this Order upon them, or within such period as may be permitted by the Temporary Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Temporary Receiver:

1.    All assets of the Receivership Defendants;

2.    All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of

1    wire transfers, and check registers), client lists, title documents and

2    other papers;

3        3.    All assets belonging to members of the public now held by the

4              Receivership Defendants; and

5        4.    All keys and codes necessary to gain or to secure access to any

6              assets or documents of the Receivership Defendants, including but

7              not limited to access to their business premises, means of

8              communication, accounts, computer systems, or other property.

9    B.    In the event any person or entity fails to deliver or transfer any asset or

10         otherwise fails to comply with any provision of this Section, the

11         Temporary Receiver may file *ex parte* an Affidavit of Non-Compliance

12         regarding the failure.  Upon filing of the affidavit, the Court may

13         authorize, without additional process or demand, Writs of Possession or

14         Sequestration or other equitable writs requested by the Temporary

15         Receiver.  The writs shall authorize and direct the United States Marshal

16         or any sheriff or deputy sheriff of any county, or any other federal or state

17         law enforcement officer, to seize the asset, document, or other thing and

18         to deliver it to the Temporary Receiver.

## XIX.  TRANSFER OF FUNDS TO THE RECEIVER

19   **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all

20   financial institutions or other entities shall cooperate with all reasonable requests of

21   the Temporary Receiver relating to implementation of this Order, including

22   transferring funds at the Temporary Receiver's direction and producing records related

23   to the assets of the Receivership Defendants.

## XX.  STAY OF ACTIONS

24   **IT IS FURTHER ORDERED** that, except by leave of this Court, pending

25   determination of the requested preliminary injunction, Defendants and all other

26   persons and entities, including but not limited to customers, principals, investors,

27   creditors, stockholders, and lessors, be and hereby are stayed from taking any action to

establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of the Receivership Defendants, or any of their subsidiaries, affiliates, partnerships, assets, or documents, or the Temporary Receiver or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to the following actions:

A. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation; filing, creating, perfecting, or enforcing any lien; enforcing any right of setoff; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; and

C. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

D. Doing any act or thing whatsoever to interfere with the Temporary Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Temporary Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

E. This Section does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2.   The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.   The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.   The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; and

5.   The issuance to the Receivership Defendants of a notice of tax deficiency.

## XXI.  COMPENSATION OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by, the Receivership Defendants.  The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than 60 days after the date of this Order, and subsequent requests no less frequently than once every six (6) months thereafter.  The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXII.  RECEIVER'S BOND

IT IS FURTHER ORDERED that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of $10,000 with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XXIII. DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order shall expire, pursuant to Fed. R. Civ. P. 6(a), on the tenth business day after issuance, i.e., August 13, 2007, unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) business days pursuant to Fed. R. Civ. P. 6(a), or unless it is further extended with the consent of the parties.

## XXIV. ORDER TO SHOW CAUSE

IT IS FURTHER ORDERED pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65.1, that Defendants shall appear before this Court, on the in Courtroom 11 floor of the Spring Street Federal Courthouse, on the 23 day of August, 2007, at 1:30 o'clock P.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), continuing the freeze of their assets, imposing such additional relief as may be appropriate, and appointing a permanent receiver over the Receivership Defendants.

## XXV. SERVICE OF DOCUMENTS AND EVIDENCE

IT IS FURTHER ORDERED that Defendants in responding to this Court's Order to Show Cause, shall serve all memoranda, affidavits, and other evidence on which they intend to rely not later than 4:00 p.m. of the fourth business day prior to the preliminary injunction hearing set in this matter.  Service on the Commission shall be performed by personal delivery, or confirmed facsimile delivery, to Raymond E. McKown, Esq. at the following address:  **Federal Trade Commission, 10877**

1  Wilshire Blvd., Suite 700, Los Angeles, California 90024, (310) 824-4380 (fax

2  number).  The Commission may serve and file a supplemental memorandum of

3  points and authorities based on evidence discovered subsequent to the filing of its

4  Complaint by no later than 4:00 p.m. of the fourth business day prior to the

5  preliminary injunction hearing, and may serve and file a reply to defendants'

6  opposition by no later than noon on the second business day prior to the preliminary

7  injunction hearing.

## XXVI. NO DIRECT EXAMINATION OF WITNESSES

8      **IT IS FURTHER ORDERED** that there will be no direct examination of

9  witnesses at the preliminary injunction hearing in this matter. By noon of the second

10  business day prior to the preliminary injunction hearing each party must serve and file

11  a list of the opposing party's declarants that the party will cross-examine at the

12  hearing.  Any declarants not so listed on a timely served and filed list will not be

13  subject to such cross-examination.

## XXVII. RETENTION OF JURISDICTION

14      **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

15  matter for all purposes.

## XXVIII. NO BOND REQUIRED

16      No security is required of any agency of the United States for the issuance of a

17  restraining order.  Fed. R. Civ. P. 65(c).

18  SO ORDERED,

19

20

21

22                              Dated:  7-30-07          at 1⁵⁰ p m.

23  United States District Judge

24  Presented by:

25

26  Raymond E. McKown
    Barbara Y. K. Chun
27  Alberto Rivera-Fournier
    Attorneys for Plaintiff
28  FEDERAL TRADE COMMISSION

H:\1Edebitpay\Pleadings\TRO\EdebitPay Ex Parte Proposed TRO3a.wpd

# ATTACHMENT 1

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, of the State of _____ in the United States of America, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control, which relate to the said bank accounts, to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the Federal Trade Commission v. EDebitPay, LLC, EDP Reporting, LLC, EDP Technologies Corp., Secure Deposit Card, Inc., Dale Paul Cleveland, and William Richard Wilson, now pending in the United States District Court for the Central District of California, and this shall be irrevocable authority for so doing. This direction has been executed pursuant to that certain order of the United States District Court for the Central District of California in connection with the aforementioned matter. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated: _____, 2007          _____