MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
KAREN R. THORLAND (SBN 172092)
kthorland@loeb.com
CHRISTINE M. REILLY (SBN 226388)
creilly@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Defendants
EDEBITPAY, LLC; DALE PAUL
CLEVELAND; and WILLIAM
RICHARD WILSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDEBITPAY, LLC; EDP REPORTING, LLC; EDP TEHNOLOGIES CORPORATION; SECURE DEPOSIT CARD, INC.; DALE PAUL CLEVELAND; and WILLIAM RICHARD WILSON,<br><br>Defendants. | Case No. 07-4880 ODW (AJWx)<br><br>Assigned to Hon. Otis D. Wright II<br><br>**DECLARATION OF MICHAEL L. MALLOW IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITION**<br><br>Date: October 18, 2010<br>Time: 10:00 a.m.<br>Ctrm: 690 |

LA2078776.2
211465-10001

DECLARATION OF MICHAEL L. MALLOW IN SUPPORT OF JOINT
STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND DEPOSITION

## DECLARATION OF MICHAEL M. MALLOW

I, MICHAEL M. MALLOW, declare as follows:

1.     I am a partner in the law firm of Loeb & Loeb LLP, counsel of record for Defendants EDebitPay, LLC ("EDP"), Dale Paul Cleveland, and William Richard Wilson (collectively "Defendants") in the instant matter.  I have represented Defendants in this action since August 2007 when EDP was placed under the control of a Court-appointed Receiver pursuant to the FTC's request.

2.     I make this declaration in support of the parties' Joint Stipulation Re: Plaintiff's Motion to Compel Discovery Responses and Deposition.  I am a member in good standing of the State Bar of California and have been admitted to practice before this Court.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

3.     EDP operated under a Court-appointed Receiver from the time the Court entered a TRO on July 30, 2007 until the Court signed the Final Order on January 22, 2008.  During this time, the FTC, the Court-appointed Receiver, and Defendants worked cooperatively to improve EDP's debit card marketing.  True and correct copies of email communications with the FTC and Receiver regarding EDP's debit card marketing are attached as Attachments 1-7.

4.     As debit cards were the only type of product at issue in the case filed by the FTC against EDP, the parties negotiated a settlement pertaining to EDP's marketing of debit cards and similar type cards and framed a settlement agreement to resolve the issue presented in the case.  No other types of products were negotiated or discussed.

5.     Prior to the recent discovery dispute, the FTC's contempt action has concerned only two specific EDP advertising pieces---the marketing of the Century Platinum shopping catalog line of credit on the StarterCreditDirect.com website

1

DECLARATION OF MICHAEL L. MALLOW IN SUPPORT OF JOINT
STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND DEPOSITION

LA2078776.2
211465-10001

1 (herein "Starter Credit marketing") and the marketing of the Netspend debit card

2 that could be obtained at "no cost" on the ePlatinumDirect.com website (herein

3 "Netspend marketing"). Prior to the FTC filing its contempt application, I had

4 several telephonic and email communications with the FTC. The FTC informed me

5 that the two advertising pieces at issue were the Starter Credit marketing and the

6 Netspend marketing. I asked the FTC to send me the advertisements at issue so I

7 could present the advertising and the FTC's conclusions related to such advertising

8 to EDP and its principals. The FTC sent me advertisements concerning the Starter

9 Credit marketing and the Netspend marketing only. True and correct copies of such

10 email communications with FTC Staff Attorney Zachary Hunter, Esq. on May 11

11 and 14, 2010 are attached as Attachment 8. Consistent with these communications,

12 the FTC's contempt application that was subsequently filed solely concerned these

13 two advertising pieces.

14      6.     Though the FTC claims that exit-pops are now a "crucial" issue to their

15 contempt case, the Final Order does not contain language about "pop-ups" or "exit-

16 pops" nor were "pop-ups" or "exit pops" discussed during settlement negotiations.

17 In my experience, the FTC addresses "pop-ups" in settlement agreements when

18 appropriate. Attached as Attachments 9-11 are true and correct copies of FTC

19 settlement agreements that contain language and restrictions regarding "pop-ups." I

20 am very familiar with one of these settlement agreements because I was the defense

21 counsel that negotiated the agreement with the FTC. *See* Attachment 9 [Digital

22 Enterprises, Inc. Settlement Agreement and Stipulated Final Order for Permanent

23 Injunction and Monetary Relief], pp. 6, 9-11, 21 (placing certain restrictions on

24 "pop-ups" in defendants' advertising). I provided the FTC a draft of this settlement

25 agreement at the start of negotiations in this case. A true and correct copy of my

26 August 13, 2007 email communication to the FTC regarding this settlement

27 agreement is attached as Attachment 12.

28

LA2078776.2
211465-10001

DECLARATION OF MICHAEL L. MALLOW IN SUPPORT OF JOINT
STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND DEPOSITION

1    7.    It would be fundamentally unfair and unjust, not to mention a violation

2  of due process, for the FTC to expand the scope of its contempt application at this

3  late stage of the proceedings.  Defendants would not have sufficient time to retrieve

4  and review responsive documents, amend their discovery responses, and prepare

5  their memoranda of points and authorities, on which they will rely at the show cause

6  hearing, due on October 29, 2010.  Accordingly, Defendants would be greatly

7  prejudiced if the FTC's motion is granted, particularly in light of the remedies the

8  FTC seeks (compensatory sanctions and modifications of the Final Order that would

9  destroy the livelihoods of Mssrs. Cleveland and Wilson and put EDP out of

10  business).

11    8.    Further, the contempt hearing has already been continued from October

12  15 to November 19, 2010, at the request of the FTC.  Defendants would be severely

13  prejudiced if the contempt hearing was continued yet again.  Defendants are in

14  negotiations to sell EDP to a bona fide third party purchaser.  This pending

15  transaction has been held hostage due to the FTC's contempt application.  A further

16  continuation of the contempt hearing could jeopardize the sale of EDP.

17    I declare under penalty of perjury under the laws of the United States of

18  America that the foregoing is true and correct.

19    Executed this 4th day of October, 2010, at Los Angeles, California.

20

21    /S/ Michael M. Mallow
      MICHAEL M. MALLOW

22

23

24

25

26

27

28

DECLARATION OF MICHAEL L. MALLOW IN SUPPORT OF JOINT
STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND DEPOSITION

LA2078776.2
211465-10001