**ATTACHMENT 9**

**TO MALLOW DECL.**

**2007 09 11 FTC V DIGITAL ENTERPRISES, INC.**

**SETTLEMENT AGREEMENT**

1   WILLIAM BLUMENTHAL
    General Counsel
2   JAMES A. TRILLING *(Admitted Pro Hac Vice)*
    CARL SETTLEMYER *(Admitted Pro Hac Vice)*
3   Federal Trade Commission
    600 Pennsylvania Ave., N.W.
4   Room NJ-3212
    Washington, DC 20580
5   Telephone: (202) 326-3497, 2019
    Facsimile: (202) 326-3259
6   Email: jtrilling@ftc.gov
    Email: csettlemyer@ftc.gov
7
    KENNETH H. ABBE (State Bar No. 172416)
8   Federal Trade Commission
    10877 Wilshire Boulevard, Suite 700
9   Los Angeles, California 90024
    Telephone: (310) 824-4318, 4343
10  Facsimile: (310) 824-4380
    Email: kabbe@ftc.gov
11
    Attorneys for Plaintiff
12  Federal Trade Commission

13          IN THE UNITED STATES DISTRICT COURT
14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15  FEDERAL TRADE COMMISSION,        ) Case No. CV06-4923 CAS (AJWx)
                                      )
16              Plaintiff,            ) **SETTLEMENT AGREEMENT AND**
                                      ) ~~[PROPOSED]~~
                v.                    ) **STIPULATED FINAL ORDER FOR**
17                                    ) **PERMANENT INJUNCTION AND**
                                      ) **MONETARY RELIEF**
18  DIGITAL ENTERPRISES, INC.,        )
    d/b/a MOVIELAND.COM, et al.,      )
19                                    )
                Defendants.           )
20  _____  )
21
22
23
24
25
26
27
28

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

DOCUMENT PREPARED
ON RECYCLED PAPER

FILED
CLERK, U.S. DISTRICT COURT

SEP - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send          X
Enter         X
Closed
JS-5/JS-6     X
JS-2/JS-3
Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT

SEP 11 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

LODGED

WHEREAS Plaintiff Federal Trade Commission ("Plaintiff" or "Commission") filed a Complaint for Permanent Injunction and Other Equitable Relief against Defendants pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b);

WHEREAS Plaintiff filed a First Amended Complaint for Permanent Injunction and Other Equitable Relief against Defendants on September 4, 2007 ("Complaint"); and

WHEREAS Defendants, without any findings of fact except as expressly provided herein or admission of any wrongdoing or violation of law, hereby agree to resolve this matter as set forth herein and agree to the entry of this Settlement Agreement and Stipulated Final Order for Permanent Injunction and Monetary Relief (the "Order").

## FACTUAL FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Defendants.

2. Venue as to Defendants in the Central District of California is proper.

3. The parties to this Order waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

4. Entry of this Order is in the public interest and in the interest of the parties.

5. The allegations of the Complaint state a claim upon which relief can be granted, and the Commission has the authority to seek the relief it has requested.

6. The activities of Defendants are or were in or affecting commerce, as defined in 15 U.S.C. § 44.

7. Each party shall bear its own costs and attorneys' fees. Defendants waive any claims they may have held under the Equal Access to Justice Act, 28

1  U.S.C. § 2412, concerning the prosecution of This action to the date of entry of this

2  Order.

3     8.    This Order was drafted jointly by Plaintiff and Defendants and reflects

4  the negotiated agreement among the parties.

5     9.    The paragraphs of this Order shall be read as the necessary

6  requirements for compliance and not as alternatives for compliance and no

7  paragraph serves to modify another paragraph unless expressly so stated.

8     10.   Defendants have not admitted any cause of action in the Complaint

9  and their agreement to settle and finally resolve This action shall not be interpreted

10  to constitute an admission that they have engaged in any violation of any laws or

11  regulations.

12     11.   The relief set forth in this Order is remedial in nature and shall not be

13  construed as the payment of a fine, penalty, punitive assessment or forfeiture.

14                         **DEFINITIONS**

15     For purposes of this Order, the following definitions shall apply:

16     **"Advertisement"** means any written or verbal statement, illustration, or

17  depiction that is designed to effect a sale of or create interest in the purchase,

18  acquisition, or usage of goods, services, or licenses, whether it appears via the

19  Internet or any other medium.

20     **"Anonymous free trial with a negative option feature"** means a Free trial

21  with a negative option feature for which the offeree is not required to (1) submit

22  any personal identification information, such as name, email address, phone number

23  or physical address and (2) submit or confirm a method of payment, such as a credit

24  card number, debit card number, bank account number, or phone number (if

25  separately confirmed by the offeree as a method of payment), in order to accept the

26  offer.

27

28

1    **"Assisting others"** means knowingly providing any of the following services

2    to any Person or entity:  (a) developing, supplying, distributing, or publishing any

3    software program, code, script, or other content; or (b) performing advertising or

4    marketing services of any kind.

5    **"Clearly and prominently"** means:

6    (a) in textual communications (e.g., printed publications or words displayed

7    on the screen of a Covered product), the required disclosures are of a type size and

8    location sufficiently noticeable for an ordinary consumer to read and comprehend

9    them, in print that contrasts with the background on which they appear;

10   (b) in communications disseminated orally or through audible means (e.g.,

11   radio or streaming audio), the required disclosures are delivered in a volume and

12   cadence sufficient for an ordinary consumer to hear and comprehend them;

13   (c) in communications disseminated through video means (e.g., television or

14   streaming video), the required disclosures are in writing in a form consistent with

15   subparagraph (a) of this definition and shall appear on the screen for a duration

16   sufficient for an ordinary consumer to read and comprehend them;

17   (d) in communications made through interactive media such as the Internet,

18   online services, and software, the required disclosures are unavoidable and

19   presented in a form consistent with subparagraph (a) of this definition in addition to

20   any audio or video presentation of them; and

21   (e) in all instances, the required disclosures are presented prior to the

22   consumer incurring any financial obligation, in an understandable language and

23   syntax, and with nothing contrary to, inconsistent with, or in mitigation of the

24   disclosures used in any communication of them.

25   **"Covered product"** means any desktop or laptop computer, handheld

26   device, telephone, or other electronic product or device that has a platform on

27

28

1   which to download, install, or run any software program, code, script, or other

2   content.

3       "**Defendants**" means:  Digital Enterprises, Inc., a California corporation;

4   Triumphant Videos, Inc., a California corporation; Pacificon International, Inc., a

5   California corporation; Alchemy Communications, Inc., a California corporation;

6   AccessMedia Networks, Inc., a Delaware corporation; Innovative Networks, Inc., a

7   California corporation; Film Web, Inc., a Wyoming corporation; Binary Source,

8   Inc., a California corporation; Mediacaster, Inc., a Delaware corporation; CS

9   Hotline, Inc., a California corporation; Frostham Marketing, Inc., a Florida

10   corporation; Longview Media, Inc., a California corporation; Easton Herd; and

11   Andrew Garroni and each of them, by whatever names each might be known,

12   including AccessMedia.tv, Movieland.com, Moviepass.tv, Popcorn.net, Vitalix,

13   and/or Webmasters Direct.

14       "**Distribution Partner**" means any Person or entity that conducts business in

15   the United States and that disseminates, distributes, or downloads on behalf of any

16   Defendant any software program, code, script, or other content or that directs traffic

17   to or displays on behalf of any Defendant any Advertisement of any offer of a free

18   trial with a negative option feature relating to the download or installation of any

19   software program, code, script, or other content.

20       "**Document**" is synonymous in meaning and equal in scope to the usage of

21   the term in Federal Rule of Civil Procedure 34(a).

22       "**Free trial with a negative option feature**" means any free or introductory

23   price trial offer through which a consumer receives a product or service for free or

24   at a nominal introductory price for an initial period of time and later incurs an

25   obligation to pay or pay a greater amount for the product or service if he or she does

26   not take affirmative action to cancel, reject, or return the product or service before

27   the end of that period.

28

1    **"Person"** means a natural person, organization, or other legal entity,

2    including a corporation, partnership, proprietorship, association, cooperative,

3    government or governmental subdivision or agency, or any other group or

4    combination acting as an entity. A "consumer" is a Person under this definition.

5        **"Plaintiff"** means the Federal Trade Commission.

6        **"This action"** means FTC v. Digital Enterprises, Inc., et al., Case No. CV06-

7    4923 CAS (AJWx), filed August 8, 2006.

8        **"Uninstall"** means: (a) removing a software program from a Covered

9    product; (b) to the extent reasonably practical, removing all files, registry keys, and

10   components that were added to the Covered product when such software program

11   was initially installed; (c) to the extent reasonably practical, removing all files,

12   registry keys, and components that were subsequently generated by such software

13   program; and (d) to the extent reasonably practical, restoring all files, registry keys,

14   and components that such software program caused to be altered.

15                              **ORDER**

16             **RESTRICTIONS ON BUSINESS ACTIVITIES**

17                                **I.**

18       **IT IS HEREBY ORDERED** that Defendants, their successors, assigns,

19   officers, agents, servants, employees, authorized representatives and attorneys, and

20   those Persons or entities in active concert or participation with any of them who

21   receive actual notice of this Order by personal service or otherwise, whether acting

22   directly or through any Person, corporation, partnership, subsidiary, division, trade

23   name, or other entity, are permanently restrained and enjoined from using the

24   Internet or Assisting others in using the Internet to offer Anonymous free trials with

25   a negative option feature.

26

27

28

## II.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, are permanently restrained and enjoined from using the Internet to distribute, download, or install ("download") or Assisting others in using the Internet to download to any Covered product any (1) content for a fee or (2) software program ("content or software"), unless:

A.   On the principal screen or landing page of each Advertisement or offer for such content or software and prior to any download, Defendants disclose Clearly and prominently the names of any software programs being downloaded and/or for which licenses are being offered; the names of any websites for which the software programs provide content access rights; and all material terms associated with downloading the content or software, including, where applicable, a full explanation of at least one reasonable means by which the user of the Covered product may terminate participation in any Free trial with a negative option feature before the "free trial" period expires and the precise steps required to do so, the nature and extent of any financial or other consideration the user of the Covered product will be obligated to pay if the user fails to terminate participation in any Free trial with a negative option feature before the "free trial" period expires, the nature, frequency, and duration of any pop-up window or language that Defendants may later cause to appear on the Covered product, the full address of and a link to a webpage that enables a

DOCUMENT PREPARED ON RECYCLED PAPER

consumer to cancel any recurring payment option and provides a customer service telephone number, the duration of time a consumer will have access to any downloaded content, and the fact that downloading the content or software onto a Covered product will make the Covered product part of a peer-to-peer network;

B.  The user of the Covered product indicates assent to the downloading of the content or software by clicking on a button that (1) is not pre-selected as the default option; (2) clearly and unambiguously indicates that the user agrees to and understands the terms and conditions for the download; and (3) is simultaneously located directly below or directly to the right of, and on the same screen as, the disclosures required in Subparagraph II.A, above, and the link or URL required in Subparagraph II.C, below; and

C.  Defendants display Clearly and prominently prior to conclusion of the process of downloading the content or software and in any confirming email or text message, a link to (or, if not feasible, a URL for) the complete terms and conditions, terms of use, terms of service, or end user license agreement for the content or software ("complete terms"). The complete terms shall include (1) any information required to be disclosed pursuant to Subparagraph II.A, above, and (2) the full legal name of and a valid physical address in the U.S. for the Person offering the content or software to consumers and for any other Person who would claim any right to enforce the complete terms. In addition to displaying a link to or URL for the complete terms prior to conclusion of the process of downloading the content or software, Defendants shall also make the complete terms reasonably available to the user of the Covered product after the download.

1

## III.

2     **IT IS FURTHER ORDERED** that Defendants, their successors, assigns,

3 officers, agents, servants, employees, authorized representatives and attorneys, and

4 those Persons or entities in active concert or participation with any of them who

5 receive actual notice of this Order by personal service or otherwise, whether acting

6 directly or through any Person, corporation, partnership, subsidiary, division, trade

7 name, or other entity, in connection with the advertising of, promotion of, offering

8 of, sale of, or attempted collection of payment for goods or services, including but

9 not limited to distributing, downloading, or installing ("downloading") any

10 software program, code, script, or other content ("software") to any Covered

11 product, are permanently restrained and enjoined from making or Assisting others

12 in making, expressly or by implication:

13     A.     Any representation on a Covered product that anyone has any legal or

14         contractual duty, obligation, or responsibility to pay Defendants any

15         amount unless the owner or an authorized user of the Covered product

16         (1) provided Defendants his or her personal identification information

17         or a method of payment; (2) agreed to purchase the goods or services

18         for which payment is sought after Defendants, consistent with

19         Paragraph II of this Order, Clearly and prominently disclosed all

20         material terms and a link to or URL for the complete terms associated

21         with the download; and (3) certified, in a manner consistent with the

22         process of indicating assent set forth in Subparagraph II.B of this

23         Order, that he/she was at least eighteen (18) years of age and either

24         owned the Covered product or was authorized by the owner of

25         Covered product to download software onto it.

26

27

28

B.  Any misrepresentation that any goods or services are "Free," "Without Charge," "Without Risk," "Without Further Obligation," or any substantially similar misrepresentation;

C.  Any misrepresentation that the owner of the Covered product is obligated to pay Defendants and that failure to pay may result in collection proceedings against the owner of the Covered product or other actions that could adversely affect that Person's credit status; or

D.  Any misrepresentation that if a consumer is receiving a pop-up window, banner or other content ("pop-up") demanding a payment to Defendants: (1) the Covered product's owner or someone else who used the Covered product knowingly consented to the installation of software to launch the pop-up; (2) the Covered product's owner is obligated to pay any amount of money or other consideration; or (3) the Covered product's owner is responsible to satisfy any contract that any other Person entered into while using the Covered product.

## IV.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, are permanently restrained and enjoined from causing or Assisting others in causing any software program, code, script, or other content ("software") to display on a Covered product, regardless of whether the Covered product's Internet browser is open or closed, any pop-up window, banner, or language ("pop-up") regarding a consumer's purported obligation to pay anyone any amount of money:

A.   more than five times in any calendar day;

B.   more often than once per hour;

C.   that does not contain a clearly labeled button to close the pop-up and silence any audio (including voice and music) that accompanied the display of the pop-up; or

D.   that does not provide a toll-free telephone number and email address that will enable consumers to contact Defendants to inquire about the pop-up.

### V.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, in connection with distributing, downloading, or installing any software program to any Covered product, are permanently restrained and enjoined from (1) failing to include with the download and installation of any such software program a utility that can Uninstall the software program and (2) engaging in any acts or practices that prevent the user of the Covered product from readily locating and removing such software program by using the Covered product's operating system's standard program removal utility, including but not limited to:

A.   hiding or cloaking files, folders or directories;

B.   using random or misleading dates or file names that do not match the way that the software program names are disclosed pursuant to Subparagraph II.A above;

C.   misrepresenting the purpose or effect of files, folders, formats, or registry entries; and

DOCUMENT PREPARED
ON RECYCLED PAPER

10

1      D.    designing or causing files automatically to be reinstalled on a Covered

2              product after a user of the Covered product has removed them.

3  This paragraph shall not prohibit the downloading of parental control

4  software that requires a user to enter a user-defined password to Uninstall such

5  software.

6                      **VI.**

7      **IT IS FURTHER ORDERED** that Defendants, their successors, assigns,

8  officers, agents, servants, employees, authorized representatives and attorneys, and

9  those Persons or entities in active concert or participation with any of them who

10 receive actual notice of this Order by personal service or otherwise, whether acting

11 directly or through any Person, corporation, partnership, subsidiary, division, trade

12 name, or other entity, are permanently restrained and enjoined from using or

13 Assisting others in using any software program, code, script, or other content

14 ("software") installed onto any Covered product prior to the date of entry of this

15 Order in connection with an Anonymous free trial with a negative option feature (1)

16 to cause pop-up windows, banners, or language to display on the Covered product;

17 or (2) to communicate with any Covered product for any purpose other than (a) to

18 provide the user of the Covered product with access to entertainment content

19 represented as being available in connection with the installation of the software,

20 (b) to provide the user of the Covered product with access to technical support, or

21 (c) to comply with the other provisions of this Order.

22         **DEFENDANTS' DISTRIBUTION PARTNER PROGRAMS**

23                    **VII.**

24     **IT IS FURTHER ORDERED** that Defendants shall take measures to

25 establish, implement, and thereafter maintain, a comprehensive program that is

26 reasonably designed to ensure that all Distribution partners comply with this Order.

27 Such measures shall include, at a minimum, the following:

28

A.   Obtaining contact information from any prospective Distribution partner. In the case of a natural person, Defendants shall obtain the prospective Distribution partner's first and last name, physical address, country, telephone number, email address, and complete payment information, including, where applicable, the complete bank or other account information where payments are to be made. In the case of corporations, partnerships, proprietorships, limited liability companies, organizations, associations, cooperatives, agencies, or other legal entities, Defendants shall obtain the first and last name, physical address, country, telephone number, and email address for the natural person who owns, manages, or controls the prospective Distribution partner, and complete payment information, including, where applicable, the complete bank or other account information where payments are to be made; and

B.   Prior to Defendants' acceptance of any prospective Distribution partner as a Distribution partner, (1) providing each such Person or entity a copy of this Order; (2) obtaining from each such Person or entity a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order; and (3) providing written notice that engaging in acts or practices prohibited by this Order will result in immediate termination of any Distribution partner account and forfeiture of all monies earned or owed. Any electronic signature that Defendants obtain pursuant to this paragraph must comply with the signature requirements of the Electronic Signatures in Global and National Commerce Act ("E-Sign Act"), 15 U.S.C. § 7001, et seq.

## MONETARY RELIEF

## VIII.

**IT IS FURTHER ORDERED** that:

A.    In accord with directions provided by the Federal Trade Commission, Defendants shall pay to the Commission by wire transfer the total sum of $501,367.95 within five (5) days after notice from the Commission that the Court has entered this Order. Within ten (10) business days after Defendants execute this Order, they shall deposit the sum above in the client trust account maintained by Fulbright & Jaworski LLP to be held until time for payment to the Commission is required hereunder. If the Commission or the Court does not agree to or approve this Order, the obligation to maintain funds in Fulbright & Jaworski's client trust account under this Order shall terminate.

B.    All funds paid pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States treasury as disgorgement. The Defendants shall have no right to challenge the Commission's choice of remedies or manner of distribution under this paragraph.

C.   The Defendants relinquish all dominion, control, and title to the funds paid into the account established pursuant to this Order, and all legal and equitable title to the funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. The Defendants shall make no claim or demand for the return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy, the Defendants acknowledge that the funds are not part of their estates, nor do their estates have any claim or interest therein.

D.   Proceedings instituted under this paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided to the Commission by law, including any other proceedings the Commission may initiate to enforce this Order.

E.   Within thirty (30) days of the date of entry of this Order, Defendants shall provide to the Commission a customer list that shows, for anyone who purchased a license Defendants offered in connection with any Anonymous free trial with a negative option feature from August 1, 2005 until the date of entry of this Order and who did not, after the expiration of the "free trial" period, obtain authorization to access content that Defendants protect or protected with digital rights management software, (1) the purchaser's name and most recently updated address and contact information and (2) the purchaser's history of payment to Defendants. The customer list shall be provided in the form of a searchable electronic Document formatted in Microsoft Excel or Microsoft Access and supplied on (1) CD-R CD-ROM disks for Windows-compatible personal computers; or (2) DVD-ROM disks for Windows-compatible personal computers.

14

## IX.

**IT IS FURTHER ORDERED** that:

A.   The Commission's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of the financial information that Defendants submitted to the Commission, including the .pdf and .xls files that counsel for the Defendants emailed to the Commission on April 10 and 27, 2007, on May 3, 23, and 30, 2007, and on June 8, 2007, all of which the Commission relied upon in negotiating and agreeing to the terms of this Order. If, upon motion by the Commission to the Court, the Court finds that Defendants made any material misrepresentation or omission in any of the above-referenced materials, monetary judgment will be entered against the Defendants in the amount of $1,801,015.16 and will become immediately due and payable, less any payments already made under this Order.

B.   Defendants agree that in a bankruptcy proceeding involving a nondischargeability complaint, Defendants shall not contest any facts contained in the Commission's Complaint or the amount of the judgment referenced in Subparagraph IX.A above.

## X.

**IT IS FURTHER ORDERED** that Defendants shall immediately terminate the recurring billing program enrollment of any consumer who (1) enrolled in such program after participating in an Anonymous free trial with a negative option feature that Defendants offered between August 1, 2005 and the date of entry of this Order and (2) has not accessed within sixty (60) days prior to the entry date of this Order any content that Defendants protected with digital rights management software. Notwithstanding the foregoing sentence, Defendants may re-enroll any

DOCUMENT PREPARED ON RECYCLED PAPER

1  such consumer in a recurring billing program offered and assented to in compliance

2  with this Order.

3  ### XI.

4  **IT IS FURTHER ORDERED** that, within five (5) days of the entry of this

5  Order, Defendants shall post on the movieland.com, moviepass.tv, and popcorn.net

6  websites instructions for Uninstalling from consumers' Covered products all

7  software programs that Defendants distributed, downloaded, or installed onto

8  consumers' Covered products from August 1, 2005 to the date of entry of this

9  Order in connection with Defendants' Anonymous free trials with negative option

10 features. In addition, within thirty (30) days of the entry of this Order, Defendants

11 shall email the same instructions to all email addresses Defendants collected from

12 August 1, 2005 to the date of entry of this Order from consumers who (1) made

13 payments in connection with Defendants' Anonymous free trials with negative

14 option features and (2) have not accessed within sixty (60) days prior to the entry

15 date of this Order any content that Defendants protected with digital rights

16 management software.

17 ### COMPLIANCE MONITORING

18 ### XII.

19 **IT IS FURTHER ORDERED** that, for the purpose of monitoring and

20 investigating compliance with any provision of this Order:

21     A.    Within ten (10) business days of receipt of written notice from a

22         representative of the Commission, each Defendant who receives such

23         notice shall submit additional written reports, sworn to under penalty

24         of perjury; produce Documents for inspection and copying; appear for

25         deposition; and/or provide entry during normal business hours to any

26         business location in such Defendant's possession or direct or indirect

27         control to permit an inspection of the business operation;

28

B.   In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

   1.   obtaining discovery from any Person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; or

   2.   posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice; and

C.   Defendants shall permit representatives of the Commission to interview any officer, director, employee, employer, consultant, independent contractor, representative, or agent who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present and the Commission must inform such person that they have a right to counsel before any interview is commenced.

*Provided,* **however,** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any Documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

## XIII.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order:

       1.    Each individual Defendant, Easton Herd and Andrew Garroni, within ten (10) business days of any such change shall notify the Commission of any of the following changes:

           a.    Any changes in the particular individual Defendant's residences, mailing addresses, or telephone numbers;

           b.    Any changes in the particular individual Defendant's employment status (including self-employment) or any changes in the particular individual Defendant's ownership of any business entity that conducts business in the United States.  Any such notice shall include the name, address, and telephone number of each business that the particular individual Defendant is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of the particular individual Defendant's duties and responsibilities in connection with the business or employment; or

           c.    Any change in the particular individual Defendant's names; and

       2.    Defendants shall notify the Commission of any changes in the corporate structure of Digital Enterprises, Inc.; Triumphant Videos, Inc.; Pacificon International, Inc.; Alchemy Communications, Inc; AccessMedia Networks, Inc.; Innovative Networks, Inc.; Film Web, Inc.; Binary Source, Inc.; Mediacaster, Inc.; CS Hotline, Inc.; Frostham Marketing, Inc.; Longview Media, Inc.; or any business entity that conducts

DOCUMENT PREPARED ON RECYCLED PAPER

1    business in the United States that Easton Herd or Andrew
2    Garroni directly or indirectly controls, or has an ownership
3    interest in, that may affect compliance obligations arising under
4    this Order, including but not limited to a dissolution,
5    assignment, sale, merger, or other action that would result in the
6    emergence of a successor entity; the creation or dissolution of a
7    subsidiary, parent, or affiliate that engages in any acts or
8    practices subject to this Order; the filing of a bankruptcy
9    petition; or a change in the corporate name or address, at least
10   thirty (30) days prior to such change, ***provided* that**, with respect
11   to any proposed change about which the Defendants learn less
12   than thirty (30) days prior to the date such action is to take
13   place, Defendants shall notify the Commission as soon as is
14   practicable after obtaining such knowledge.

15   B.   Sixty (60) days after the date of entry of this Order, the Defendants
16        each shall provide a written report to the Commission, sworn to under
17        penalty of perjury (though the report may be submitted in a single
18        Document sworn to under penalty of perjury by each Defendant),
19        setting forth in detail the manner and form in which they have
20        complied and are complying with this Order.  This report shall include,
21        but not be limited to:

22        1.   For each individual Defendant:

23             a.   His then-current residence addresses, mailing addresses,
24                  and telephone numbers;

25             b.   His then-current employment and business addresses and
26                  telephone numbers, a description of the business activities

27

28

of each such employer or business, and his title and responsibilities for each such employer or business; and

c.   Any other changes required to be reported under Subparagraph XIII.A above;

2.   For all Defendants:

a.   A copy of each acknowledgment of receipt of this Order, obtained by each Defendant pursuant to Subparagraph XV.D below; and

b.   Any other changes required to be reported under Subparagraph XIII.A above;

C.   For purposes of the compliance reporting required by this Order, the Commission is authorized to communicate directly with each of the Defendants, *provided* **that** the foregoing shall not preclude any Defendant from referring the Commission to his or its legal counsel with respect to any communication or response.

D.   For purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for the Division of Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC  20580
Re: *FTC v. Digital Enterprises, Inc., et al.*, Civil Action No. 06-4923

## RECORD KEEPING PROVISIONS

## XIV.

**IT IS FURTHER ORDERED** that for a period of eight (8) years from the date of entry of this Order, Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice

DOCUMENT PREPARED ON RECYCLED PAPER

of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, in connection with any business that (1) any Defendant(s) directly or indirectly controls, or in which any Defendant(s) has a majority ownership interest, (2) conducts business in the United States, and (3) is directly or indirectly engaged in the business of advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service via the Internet, are restrained and enjoined from failing to create and retain the following records:

A.   Accounting records that reflect the cost of products or services sold, revenues generated, and the disbursement of such revenues;

B.   Personnel records accurately reflecting: the name, address, and telephone number of each Person employed in any capacity by such business, including as an independent contractor; that Person's job or position; the date upon which the Person commenced work; and the date and reason for the Person's termination, if applicable;

C.   Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of products or services purchased, and description of products or services purchased, to the extent such information is obtained in the ordinary course of business;

D.   Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.   Copies of all Advertisements or other marketing materials, including but not limited to any banner, interstitial, pop-up, pop-under, slider, email, instant message, or other Advertisements capable of being displayed or performed on a Covered product or the Internet, and any

web scripts or style sheets or other software files or code associated with such Advertisements;

F.   All Documents upon which Defendants rely to substantiate any representation concerning the matters described in Paragraph III above; and

G.   All records and Documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Subparagraphs VII.B above and XV.D below, and all reports submitted to the FTC pursuant to Paragraph XIII above.

## DISTRIBUTION OF ORDER BY DEFENDANTS

## XV.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.   Corporate Defendants:  Defendants Digital Enterprises, Inc.; Triumphant Videos, Inc.; Pacificon International, Inc.; Alchemy Communications, Inc; AccessMedia Networks, Inc.; Innovative Networks, Inc.; Film Web, Inc.; Binary Source, Inc.; Mediacaster, Inc.; CS Hotline, Inc.; Frostham Marketing, Inc.; and Longview Media, Inc. must deliver a copy of this Order to all of their employees, agents, and representatives who engage in any conduct related to any of the subject matter of this Order.  For current personnel, delivery shall be made within five (5) business days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities.

B.    Individual Defendants Easton Herd or Andrew Garroni as Control Person:  For any business that conducts business in the United States and that Easton Herd or Andrew Garroni controls directly or indirectly, or in which either of them has a majority ownership interest, the individual Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business.  The individual Defendant must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in any conduct related to any of the subject matter of the Order.  For current personnel, delivery shall be within five (5) business days of service of this Order upon the Defendants.  For new personnel, delivery shall occur prior to their assuming their responsibilities.

C.    Individual Defendant as employee or non-control person:  For any business that conducts business in the United States where neither Herd nor Garroni is a controlling person of the business but otherwise engages in conduct related to any of the subject matters of this Order, that individual Defendant must deliver a copy of this Order to all principals and direct managers of such business before engaging in such conduct.

D.    The Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from each Person required to receive a copy of the Order pursuant to this paragraph.

DOCUMENT PREPARED
ON RECYCLED PAPER

23

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

### XVI.

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### RETENTION OF JURISDICTION

### XVII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this _____ day of _____, 2007, at Los Angeles, California.

_____
Honorable Christine A. Snyder
United States District Court Judge

STIPULATED AND AGREED TO BY

_____      Dated: _9/4/200__
James A. Trilling
Attorney for Plaintiff
FEDERAL TRADE COMMISSION

                                        Dated: _____

_____
John A. O'Malley
FULBRIGHT & JAWORSKI LLP
Attorney for Defendants
ACCESSMEDIA NETWORKS, INC and
ALCHEMY COMMUNICATIONS, INC

_____      Dated: _9/4/200__
Michael L. Mallow
LOEB & LOEB
Attorney for Defendants
DIGITAL ENTERPRISES, INC.;
TRIUMPHANT VIDEOS, INC.;
PACIFICON INTERNATIONAL, INC.;
INNOVATIVE NETWORKS, INC.;
FILM WEB, INC.; BINARY SOURCE, INC.;
MEDIACASTER, INC., CS HOTLINE, INC.; FROSTHAM MARKETING, INC;
LONGVIEW MEDIA, INC ; EASTON HERD; and ANDREW GARRONI

DOCUMENT PREPARED
ON RECYCLED PAPER

24

1 **ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

2 **XVI.**

3     **IT IS FURTHER ORDERED** that each Defendant, within five (5) business

4 days of receipt of this Order as entered by the Court, must submit to the

5 Commission a truthful sworn statement acknowledging receipt of this Order.

6 **RETENTION OF JURISDICTION**

7 **XVII.**

8     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

9 matter for purposes of construction, modification, and enforcement of this Order.

10 **SO ORDERED,** this _____ *fifth* _____ day of *September* _____, 2007, at

11 Los Angeles, California.

12

13                               Honorable Christine A. Snyder
                              United States District Court Judge

14

15 STIPULATED AND AGREED TO BY:

16 _____    Dated: _9/4/2007_
James A. Trilling

17 Attorney for Plaintiff
FEDERAL TRADE COMMISSION

18                                 Dated: _5/4/07_

19 _____
John A. O'Malley

20 FULBRIGHT & JAWORSKI LLP
Attorney for Defendants

21 ACCESSMEDIA NETWORKS, INC. and
ALCHEMY COMMUNICATIONS, INC.

22                                 Dated: _____

23 _____
Michael L. Mallow

24 LOEB & LOEB
Attorney for Defendants

25 DIGITAL ENTERPRISES, INC.;
TRIUMPHANT VIDEOS, INC.;
PACIFICON INTERNATIONAL, INC.;

26 INNOVATIVE NETWORKS, INC.;
FILM WEB, INC.; BINARY SOURCE, INC.;

27 MEDIACASTER, INC.; CS HOTLINE, INC.; FROSTHAM MARKETING, INC;
LONGVIEW MEDIA, INC.; EASTON HERD; and ANDREW GARRONI

28

1

2   ACCESSMEDIA NETWORKS, INC.      Dated: 6/22/07

3   By: Sanger Robinson
    Its: VP Marketing

4

5   ALCHEMY COMMUNICATIONS, INC.   Dated: 6/21/07

6   By: Nolan Quan
    Its: CFO / Treasurer

7

8   DIGITAL ENTERPRISES, INC.      Dated: 6/21/07

9

10  By: Easton Herd
    Its: CEO / President

11

12  TRIUMPHANT VIDEOS, INC.        Dated: 6/21/07

13

14  By: Easton Herd
    Its: CEO / President

15  PACIFICON INTERNATIONAL, INC.  Dated: 6/21/07

16

17  By: Andrew Garroni
    Its: CEO / President

18

19  INNOVATIVE NETWORKS, INC.      Dated: 6/21/07

20

21  By: Easton Herd
    Its: CEO / President

22  FILMWEB, INC.                  Dated: 6/21/07

23

24  By: Andrew Garroni
    Its: Vice-President / Secretary

25  BINARY SOURCE, INC.            Dated: 6/21/07

26

27  By: Andrew Garroni
    Its: CEO / President

28

DOCUMENT PREPARED
ON RECYCLED PAPER

25

003/007

1    MEDIACASTER, INC.                     Dated: _6/22/07_

2

3    By: Daniel Brent
     Its: VP Technology

4
     CS HOTLINE, INC.                      Dated: _06-22-07_
5

6    By: Jose Sanchez Campos
     Its: CEO / President
7

8    FROSTHAM MARKETING, INC.             Dated: _0-21-07_

9

10   By: ___ Brazell
     Its: CEO / President

11   LONGVIEW MEDIA, INC.                  Dated: _6-21-07_

12

13   By: Andrew Garroni
     Its: CEO / President

14

15                                         Dated: _6/21/07_

16   EASTON HERD
     Individually and in his capacity as
17   an officer of Digital Enterprises, Inc.,
     Triumphant Videos, Inc.,
18   and Innovative Networks, Inc.

19
                                           Dated: _6-21-07_
20   ANDREW GARRONI
     Individually and in his capacity as
21   an officer of Pacificon International, Inc.,
     Filmweb, Inc., Binary Source, Inc.,
22   and Longview Media, Inc.

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

26

# PROOF OF SERVICE

I, Martha Delgado, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On September 05, 2007, I served a copy of the within document(s):

**SETTLEMENT AGREEMENT AND [PROPOSED] STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒   by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

James A. Trilling, Esq.
David K. Koehler, Esq.
Carl H. Settlemyer, Esq
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Room NJ-3212
Washington, DC 20580
Phone (202) 326-3497
Fax: (202) 326-3259
Email: jtrilling@ftc.gov
dkoehler@ftc.gov
csettlemyer@ftc.gov

*Attorneys for Plaintiff*
*Federal Trade Commission*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

- 29 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

2  motion of the party served, service is presumed invalid if postal cancellation date or postage

3  meter date is more than one day after date of deposit for mailing in affidavit.

4      I declare under penalty of perjury under the laws of the State of California that the above

5  is true and correct.

6      Executed on September 5, 2007, at Los Angeles, California.

7

8  _____

9             Martha Delgado

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED ON RECYCLED PAPER

SETTLEMENT AGREEMENT AND [PROPOSED] STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF]