# ATTACHMENT 10

# TO MALLOW DECL.

# 20040728 FTC V D. SQUARED SOLUTIONS, LLC

# ET AL. STIP FINAL ORDER

**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>D SQUARED SOLUTIONS, LLC, ANISH DHINGRA, and JEFFREY DAVIS,<br><br>Defendants. | CIVIL NO. AMD 03CV3108<br><br>Stipulated Final Order |

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), filed its complaint against defendants D Squared Solutions, LLC, Anish Dhingra, and Jeffrey Davis for injunctive and other equitable relief in this matter pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), on October 30, 2003. The Commission and the defendants, by and through their counsel, hereby stipulate to the entry of and request the Court to enter this Stipulated Final Order ("Order"), to resolve all matters of dispute between them in this action.

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of this case, and it has jurisdiction of all parties hereto pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

2. Venue is proper as to all parties in the District of Maryland pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

3. The facts that the FTC has stated in its complaint, if true, would state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

4. The defendants have entered into this Order freely and without coercion, and the defendants acknowledge that they have read the provisions of this Order and are prepared to abide by them;

5. The plaintiff and the defendants, by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order. This Order, however, shall have no preclusive effect as to any action brought by any other state or federal law enforcement agency;

6. By entering into this Order, the defendants admit no wrongdoing or liability and have agreed to this Order for the purposes of avoiding the costs and uncertainties of litigation;

7. The defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. The defendants further waive and release any claim they may have against the Commission, its employees, representatives, or agents;

8. The defendants agree that this Order does not entitle the defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and the defendants further waive any rights to attorneys' fees that may arise under said provision of law;

9. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "Defendants" means Anish Dhingra, Jeffrey Davis, D Squared Solutions, LLC (including but not limited to the following d/b/as for D Squared Solutions: www.blockmessenger.com, www.broadcastblocker.com, www.broadcastmarketer.com, www.bustpopups.com, www.defeatmessenger.com, www.defeatpopupspam.com, www.fightmessenger.com, www.fightpopups.com, www.ipadsmasher.net, www.ip-ad-smasher.com, www.killmessenger.com, www.kill-messenger.com, www.messageaway.com, www.messengerbegone.com, www.messengerblocker.com, www.messengerblocker.net, www.messengerbuster.com, www.messengerdestroyer.com, www.messengerdestroyer.net, www.messengerkiller.com, www.messengerbuster.net, www.messengerprotector.com, www.messengerspamcop.com, www.messenger-stomper.com, www.messengerstopper.com, www.messenger-stopper.com, www.onlineamericanpaymentprocessing.com, www.privacysaver.net, www.privacysaver.org www.saveyourprivacy.com, www.squaredbilling.com, www.stopdirectads.com, www.stopmessenger.com, and www.stop-messenger.com).

B. "Window" or "dialog box" means an enclosed area on a computer's display screen, usually rectangular in shape.

C. "Windows Messenger Service" means a feature of numerous versions of the Microsoft Windows operating system that causes messages to be displayed on a message recipient's computer screen in the form of a window or dialog box, usually containing a banner at the top entitled "Messenger Service."

D. "Windows Messenger Service message" (also called "Messenger Service spam," "pop up spam" and "Messenger Service pop up") means a message displayed on a message recipient's computer screen via the Windows Messenger Service.

E. "Windows Messenger Service message-blocking product or service" means any product or service, however denominated, that does or purports to block, remove, or otherwise prevent the appearance of Windows Messenger Service messages on a user's computer screen, including but not limited to the software offered for sale or license on the Web sites www.blockmessenger.com, www.broadcastblocker.com, www.broadcastmarketer.com, www.bustpopups.com, www.defeatmessenger.com, www.defeatpopupspam.com, www.fightmessenger.com, www.fightpopups.com, www.ipadsmasher.net, www.ip-ad-smasher.com, www.killmessenger.com, www.kill-messenger.com, www.messageaway.com, www.messengerbegone.com, www.messengerblocker.com, www.messengerblocker.net, www.messengerbuster.com, www.messengerdestroyer.com, www.messengerdestroyer.net, www.messengerkiller.com, www.messengerbuster.net, www.messengerprotector.com, www.messengerspamcop.com, www.messenger-stomper.com, www.messengerstopper.com, www.messenger-stopper.com, www.onlineamericanpaymentprocessing.com, www.privacysaver.net, www.privacysaver.org www.saveyourprivacy.com, www.squaredbilling.com, www.stopdirectads.com, www.stopmessenger.com, and www.stop-messenger.com.

4

## CONDUCT PROHIBITIONS

### I.

**IT IS THEREFORE ORDERED** that, in connection with advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly causing a Windows Messenger Service message to appear on a computer user's computer screen.

### II.

**IT IS FURTHER ORDERED** that the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly advertising, promoting, marketing, offering for sale or license, or selling or licensing any Messenger Service message-blocking product or service, except that message-blocking features may constitute a merely incidental component of the features or advertised features of another product or service.

### III.

**IT IS FURTHER ORDERED** that the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service that directly or indirectly causes a Windows Messenger Service message to appear on a computer user's computer screen for the purpose of advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service .

## IV.

**IT IS FURTHER ORDERED** that, in connection with advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly causing an Instant Message (or "IM") message to appear on a computer user's computer screen.

## V.

**IT IS FURTHER ORDERED** that, in connection with advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service via the Internet, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly sending, distributing, disseminating, broadcasting, routing, or transmitting any unsolicited advertisement that is not otherwise prohibited by Paragraphs I-IV, unless:

    A.    if it is technologically feasible to offer an "opt out" or "removal" mechanism for an unsolicited advertisement, an "opt out" or "removal" mechanism is clearly and conspicuously disclosed in the unsolicited advertisement, and the "opt out" or "removal" mechanism is fully operational and ensures that, upon request of the computer user, the computer user will not receive additional advertisements from the defendants; and

    B.    if the defendants make a representation that an unsolicited advertisement has an "opt out" or "removal" mechanism available, the defendants offer an "opt out" or "removal" mechanism that is fully operational and ensures that, upon request of the computer user, the computer user will not receive additional advertisements from the defendants; and

C. if it is not technologically feasible to offer an "opt out" or "removal" mechanism for the unsolicited advertisement, the unsolicited advertisement does not contain a representation that an "opt out" or "removal" mechanism is available;

***Provided, however,*** that nothing in this provision shall be construed as abrogating any duties the defendants have outside of this Order to comply with the "CAN-SPAM Act of 2003," Pub. L. No. 108-187 (Dec. 16, 2003), or as the CAN-SPAM Act may hereinafter be amended, any rules promulgated thereunder, or as the rules may hereinafter be amended, or any other applicable laws.

## VI.

**IT IS FURTHER ORDERED** that, in connection with advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service via the Internet, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly sending, distributing, disseminating, broadcasting, routing, or transmitting any unsolicited advertisement that is not otherwise prohibited by Paragraphs I-V, where the advertisement, or accompanying information denoting its origin, is disguised to make it appear to come from a source from which it actually did not originate.

## COMPLIANCE MONITORING

## VII.

A. For a period of five (5) years, within 20 (twenty) days of receipt of written notice from a representative of the Commission, the defendants each shall submit additional written reports relating to their business activities, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2. posing as consumers and suppliers to: the defendants' employees, or any other entity managed or controlled in whole or in part by the defendants, without the necessity of identification or prior notice; and

C. The defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain

any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII.

## COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of four (4) years from the date of entry of this Order,

1. Each individual defendant Anish Dhingra and Jeffrey Davis shall notify the Commission of the following:

    a. Any changes in residence, mailing addresses, and telephone numbers of the individual defendant, within ten (10) days of the date of such change;

    b. Any changes in employment status (including self-employment) of the individual defendant, and any change in the ownership of the individual defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the individual defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the individual defendant's duties and responsibilities in connection with the business or employment; and

    c. Any changes in the individual defendant's name or use of any aliases or fictitious names; and

9

2. The defendants shall notify the Commission of any changes in corporate structure of the corporate defendant D Squared Solutions, LLC, or any business entity that an individual defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the defendant(s) learns less than thirty (30) days prior to the date such action is to take place, defendant(s) shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, defendants D Squared Solutions, LLC, Anish Dhingra, and Jeffrey Davis each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1. For each individual defendant:

   a. The then-current residence address, mailing addresses, and telephone numbers of the individual defendant;

10

      b.    The then-current employment and business addresses and telephone numbers of the individual defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the individual defendant for each such employer or business; and

      c.    Any other changes required to be reported under subparagraph A of this Section.

   2.    For all the defendants:

      a.    A copy of each acknowledgment of receipt of this Order obtained by defendant pursuant to Paragraphs X and XI of this Order; and

      b.    Any other changes required to be reported under subparagraph A of this Section.

C.    For the purposes of this Order, the defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for the Division of Marketing Practices  
Federal Trade Commission  
600 Pennsylvania Ave. NW H-238  
Washington, DC 20580  
Re: FTC v. D Squared, et al. Civil Action No. AMD 03 CV 3108

D.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the defendants.

11

## RECORD KEEPING PROVISIONS

### IX.

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, the defendants, for any business that the defendant(s) directly or indirectly controls, or in which the defendant(s) has a majority ownership interest, in which the business is directly or indirectly engaged in the business of advertising, promoting, marketing, offering for sale or license, or selling or licensing any product or service via the Internet, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials, including but not limited to websites, e-mail messages, Internet web-based html "pop up" advertisements; and Internet banner advertisements; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraphs X and XI, and all reports submitted to the FTC pursuant to Paragraph VIII of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### X.

**IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Order, the defendants shall deliver copies of the Order as directed below:

A. Defendants as Control Persons: For any business the defendants directly or indirectly control, or in which the defendants have a majority ownership interest, the defendants shall deliver a copy of this Order to all principals, officers, directors, and managers of that business. The defendants shall also deliver copies of this Order to all employees, agents, and representatives who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be made within five (5) days' of service of this Order upon the defendants. For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities.

B. Defendants as Employees or Non-Control Persons: For any business where the defendants are not controlling persons of the business but the defendants' job responsibilities include conduct that is related to the subject matter of this Order, the

13

defendants shall deliver a copy of this Order to all principals and managers of such business.

The defendants must secure a signed and dated statement acknowledging receipt of the Order within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

### XI.

**IT IS FURTHER ORDERED** that each of the defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

### XII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this 28th day of July, 2004, at Baltimore, Maryland.

/s/
The Honorable Andre M. Davis
United States District Judge
United States District Court
District of Maryland

Stipulated and agreed to by:

_____  Dated: 6/30/04
Anish Dhingra, Defendant

_____  Dated: 06/30/04
Jeffrey Davis, Defendant

_____  Dated: 6/30/04
D Squared Solutions, LLC, Defendant

_____  Dated: 7/5/04
Anthony Dain
Attorney for Defendants
Anish Dhingra, Jeffrey Davis,
and D Squared Solutions, LLC

_____  Dated: 7/28/04
Mona Sedky Spivack (DC #447968)
Attorney for Plaintiff
Federal Trade Commission

15