**ATTACHMENT 12**

**TO MALLOW DECL.**

**20070813 MMALLOW EMAIL STRING FTC V**

**DIGITAL ENTERPRISES, INC SETTLEMENT AGR**

**Christine Reilly**

| | |
|---|---|
| **From:** | Michael Mallow |
| **Sent:** | Monday, August 13, 2007 11:53 AM |
| **To:** | McKown, Raymond |
| **Subject:** | FW: SMS, Covered Product, and Free Software revisions -- SETTLEMENT COMMUNICATION |
| **Attachments:** | Final Order draft changes accepted 06 13 2007.doc |



Final Order draft
changes acce...

-----Original Message-----
From: Trilling, James [mailto:JTRILLING@ftc.gov]
Sent: Wednesday, June 13, 2007 1:01 PM
To: Michael Mallow; O'Malley, John; Fernald, Brandon; Eugenie L. Warner
Cc: Settlemyer, Carl
Subject: RE: SMS, Covered Product, and Free Software revisions -- SETTLEMENT
COMMUNICATION


FOR SETTLEMENT PURPOSES ONLY -- SUBJECT TO FEDERAL RULE OF EVIDENCE 408


All:

Per my telephone conversation with Michael a few minutes ago, I have attached a new
redline that shows the same changes I circulated yesterday and the new changes we have
made today.

Thanks,

Jim



_____
James A. Trilling
Attorney
Federal Trade Commission
Division of Advertising Practices
600 Pennsylvania Ave., N.W., Room NJ-3212 Washington, DC   20580
Tel:  202-326-3497
jtrilling@ftc.gov


-----Original Message-----
From: Trilling, James
Sent: Tuesday, June 12, 2007 5:22 PM
To: 'Michael Mallow'; 'O'Malley, John'; 'Fernald, Brandon'; 'Eugenie L.
Warner'
Cc: Settlemyer, Carl
Subject: RE: SMS, Covered Product, and Free Software revisions -- SETTLEMENT
COMMUNICATION


FOR SETTLEMENT PURPOSES ONLY -- SUBJECT TO FEDERAL RULE OF EVIDENCE 408

All:

I have attached a redline that shows the changes we can accept in the areas that
Defendants identified last night.

Brandon, I understand from Michael and his message that you are Defendants' point person
today.  We will plan to call you shortly if you do not call us first.

Thanks,

Jim


James A. Trilling
Attorney
Federal Trade Commission
Division of Advertising Practices
600 Pennsylvania Ave., N.W., Room NJ-3212 Washington, DC  20580
Tel:  202-326-3497
jtrilling@ftc.gov


-----Original Message-----
From: Michael Mallow [mailto:mmallow@loeb.com]
Sent: Monday, June 11, 2007 11:15 PM
To: Trilling, James; Settlemyer, Carl; O'Malley, John; Fernald, Brandon; Eugenie L.
Warner; jamestrilling@hotmail.com
Subject: FW: SMS, Covered Product, and Free Software revisions


Jim :


Attached is a draft containing the revisions  I eluded to this afternoon
and a second document that illustrates how mobile-device competitors are
not held to the same standard set  forth in the FTC's last draft.


 As I view the language proposed by Defendants, the changes are intended
to narrow the definition of "anonymous" such that mobile devices are
sufficiently identified by their phone number and to broaden the
definition of  "payment methods"  such that carrier billing contracts
are captured.


In addition, Section 2 has been modified such that  Defendants are not
held to a higher disclosure standard than others competing in the market
place.

2

If you have questions you can reach me tonight or tomorrow morning
before 9:00 a.m. Pacific.  Otherwise, please direct all questions to
Brandon who will be running lead on getting the document finalized and
executed.


Mallow

CONFIDENTIALITY NOTICE:  This e-mail transmission, and any
documents, files or previous e-mail messages attached to it may
contain confidential information that is legally privileged.  If
you are not the intended recipient, or a person responsible for
delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the
information contained in or attached to this transmission is
STRICTLY PROHIBITED.  If you have received this transmission in
error, please immediately notify the sender.  Please destroy the
original transmission and its attachments without reading or
saving in any manner.  Thank you, Loeb & Loeb LLP.

WILLIAM BLUMENTHAL
General Counsel
JAMES A. TRILLING *(Admitted Pro Hac Vice)*
CARL SETTLEMYER *(Admitted Pro Hac Vice)*
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Room NJ-3212
Washington, DC  20580
Telephone:  (202) 326-3497, 2019
Facsimile:  (202) 326-3259
Email:  jtrilling@ftc.gov
Email:  csettlemyer@ftc.gov

KENNETH H. ABBE (State Bar No. 172416)
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, California  90024
Telephone:  (310) 824-4318, 4343
Facsimile:  (310) 824-4380
Email:  kabbe@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>DIGITAL ENTERPRISES, INC.,<br>d/b/a MOVIELAND.COM, et al.,<br><br>    Defendants. | Case No.  CV06-4923 CAS (AJWx)<br><br>**SETTLEMENT AGREEMENT AND [PROPOSED] STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF** |

WHEREAS Plaintiff Federal Trade Commission ("Plaintiff" or "Commission") filed a Complaint for Permanent Injunction and Other Equitable Relief against Defendants pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b);

WHEREAS Plaintiff filed a First Amended Complaint for Permanent Injunction and Other Equitable Relief against Defendants on _____ ("Complaint"); and

WHEREAS Defendants, without any findings of fact except as expressly provided herein or admission of any wrongdoing or violation of law, hereby agree to resolve this matter as set forth herein and agree to the entry of this Settlement Agreement and Stipulated Final Order for Permanent Injunction and Monetary Relief (the "Order").

## FACTUAL FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over Defendants.

2. Venue as to Defendants in the Central District of California is proper.

3. The parties to this Order waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

4. Entry of this Order is in the public interest and in the interest of the parties.

5. The allegations of the Complaint state a claim upon which relief can be granted, and the Commission has the authority to seek the relief it has requested.

6. The activities of Defendants are or were in or affecting commerce, as defined in 15 U.S.C. § 44.

7. Each party shall bear its own costs and attorneys' fees. Defendants waive any claims they may have held under the Equal Access to Justice Act, 28

U.S.C. § 2412, concerning the prosecution of This action to the date of entry of this Order.

8. This Order was drafted jointly by Plaintiff and Defendants and reflects the negotiated agreement among the parties.

9. The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

10. Defendants have not admitted any cause of action in the Complaint and their agreement to settle and finally resolve This action shall not be interpreted to constitute an admission that they have engaged in any violation of any laws or regulations.

11. The relief set forth in this Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment or forfeiture.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

"**Advertisement**" means any written or verbal statement, illustration, or depiction that is designed to effect a sale of or create interest in the purchase, acquisition, or usage of goods, services, or licenses, whether it appears via the Internet or any other medium.

"**Anonymous free trial with a negative option feature**" means a Free trial with a negative option feature for which the offeree is not required to ~~submit~~ (1) submit any personal identification information, such as name, email address, phone number or physical address and (2) submit or confirm a method of payment, such as a credit card number, debit card number, ~~or~~ bank account number, or phone number (if not relied upon as the personal identification information), in order to accept the offer.

DOCUMENT PREPARED ON RECYCLED PAPER

**"Assisting others"** means knowingly providing any of the following services to any Person or entity:  (a) developing, supplying, distributing, or publishing any software program, code, script, or other content; or (b) performing advertising or marketing services of any kind.

**"Clearly and prominently"** means:

(a) in textual communications (e.g., printed publications or words displayed on the screen of a Covered product), the required disclosures are of a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear;

(b) in communications disseminated orally or through audible means (e.g., radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

(c) in communications disseminated through video means (e.g., television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (a) of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them;

(d) in communications made through interactive media such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (a) of this definition in addition to any audio or video presentation of them; and

(e) in all instances, the required disclosures are presented prior to the consumer incurring any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

**"Covered product"** means any desktop or laptop computer, handheld device, telephone, or other electronic product or device that has a platform on

1   which to download, install, or run any software program, code, script, or other

2   content.

3       **"Defendants"** means:  Digital Enterprises, Inc., a California corporation;

4   Triumphant Videos, Inc., a California corporation; Pacificon International, Inc., a

5   California corporation; Alchemy Communications, Inc., a California corporation;

6   AccessMedia Networks, Inc., a Delaware corporation; Innovative Networks, Inc., a

7   California corporation; Film Web, Inc., a Wyoming corporation; Binary Source,

8   Inc., a California corporation; Mediacaster, Inc., a Delaware corporation; CS

9   Hotline, Inc., a California corporation; Frostham Marketing, Inc., a Florida

10  corporation; Longview Media, Inc., a California corporation; Easton Herd; and

11  Andrew Garroni and each of them, by whatever names each might be known,

12  including AccessMedia.tv, Movieland.com, Moviepass.tv, Popcorn.net, Vitalix,

13  and/or Webmasters Direct.

14      **"Distribution Partner"** means any Person or entity that conducts business in

15  the United States and that disseminates, distributes, or downloads on behalf of any

16  Defendant any software program, code, script, or other content or that directs traffic

17  to or displays on behalf of any Defendant any Advertisement of any offer of a free

18  trial with a negative option feature relating to the download or installation of any

19  software program, code, script, or other content.

20      **"Document"** is synonymous in meaning and equal in scope to the usage of

21  the term in Federal Rule of Civil Procedure 34(a).

22      **"Free trial with a negative option feature"** means any free or introductory

23  price trial offer through which a consumer receives a product or service for free or

24  at a nominal introductory price for an initial period of time and later incurs an

25  obligation to pay or pay a greater amount for the product or service if he or she does

26  not take affirmative action to cancel, reject, or return the product or service before

27  the end of that period.

28

"**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity. A "consumer" is a Person under this definition.

"**Plaintiff**" means the Federal Trade Commission.

"**This action**" means FTC v. Digital Enterprises, Inc., et al., Case No. CV06-4923 CAS (AJWx), filed August 8, 2006.

"**Uninstall**" means:  (a) removing a software program from a Covered product; (b) to the extent reasonably practical, removing all files, registry keys, and components that were added to the Covered product when such software program was initially installed; (c) to the extent reasonably practical, removing all files, registry keys, and components that were subsequently generated by such software program; and (d) to the extent reasonably practical, restoring all files, registry keys, and components that such software program caused to be altered.

## ORDER

## RESTRICTIONS ON BUSINESS ACTIVITIES

### I.

**IT IS HEREBY ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, are permanently restrained and enjoined from using the Internet or Assisting others in using the Internet to offer Anonymous free trials with a negative option feature.

DOCUMENT PREPARED
ON RECYCLED PAPER

5

## II.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, are permanently restrained and enjoined from using the Internet to distributingdistribute, downloading, or installing ("downloading") or Assisting others in using the Internet to downloading to any Covered product any (1) content for a fee or (2) software program ("content or software"), unless:

    A.    On the principal screen or landing page of each Advertisement or offer for such content or software and prior to any download, Defendants disclose Clearly and prominently the names of any software programs being downloaded and/or for which licenses are being offered; the names of any websites for which the software programs provide content access rights; and all material terms associated with downloading the content or software, including, where applicable, a full explanation of at least one reasonable means by which the user of the Covered product may terminate participation in any Free trial with a negative option feature before the "free trial" period expires and the precise steps required to do so, the nature and extent of any financial or other consideration the user of the Covered product will be obligated to pay if the user fails to terminate participation in any Free trial with a negative option feature before the "free trial" period expires, the nature, frequency, and duration of any pop-up window or language that Defendants may later cause to appear on the Covered product, the full address of and a link to a webpage that enables a

DOCUMENT PREPARED ON RECYCLED PAPER

1   consumer to cancel any recurring payment option and provides a

2   customer service telephone number, the duration of time a consumer

3   will have access to any downloaded content, and the fact that

4   downloading the content or software onto a Covered product will

5   make the Covered product part of a peer-to-peer network;

6   B.   The user of the Covered product indicates assent to the downloading of

7   the content or software by clicking on a button that (1) is not pre-

8   selected as the default option; (2) is labeled "I clearly and

9   unambiguously indicates that the user agrees to and understands the

10   terms and conditions for theis download and affirm that I understand

11   them."; and (3) is simultaneously located directly below or directly to

12   the right of, and on the same screen as, the disclosures required in

13   Subparagraph II.A. above; and

14   C.   Defendants display Clearly and prominently during all phases of the

15   process of downloading the content or software, such as on all security

16   warning boxes or other dialog boxes, that are not preset by Microsoft

17   or other the Covered product's operatingion system, that will appear

18   on the Covered product during the download process, a link to the

19   complete terms and conditions, terms of use, terms of service, or end

20   user license agreement for the content or software ("complete terms").

21   The complete terms shall include (1) any information required to be

22   disclosed pursuant to Subparagraph II.A, above, and (2) the full legal

23   name of and a valid physical address in the U.S. for the Person

24   offering the content or software to consumers and for any other Person

25   who would claim any right to enforce the complete terms.  In addition

26   to displaying a link to the complete terms during all phases of the

27   process of downloading the content or software, Defendants shall also

28   

DOCUMENT PREPARED
ON RECYCLED PAPER

include them with any downloaded content or software in a form that is reasonably accessible to the Covered product's user.

### III.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, in connection with the advertising of, promotion of, offering of, sale of, or attempted collection of payment for goods or services, including but not limited to distributing, downloading, or installing ("downloading") any software program, code, script, or other content ("software") to any Covered product, are permanently restrained and enjoined from making or Assisting others in making, expressly or by implication:

A.      Any representation on a Covered product that anyone has any legal or contractual duty, obligation, or responsibility to pay Defendants any amount unless the owner or an authorized user of the Covered product (1) provided Defendants his or her personal identification information or a method of payment; (2) agreed to purchase the goods or services for which payment is sought after Defendants, consistent with Paragraph II of this Order, Clearly and prominently disclosed all material terms and a link to the complete terms associated with the download; and (3) certified, in a manner consistent with the process of indicating assent set forth in Subparagraph II.B of this Order, that he/she was at least eighteen (18) years of age and either owned the Covered product or was authorized by the owner of Covered product to download software onto it.

B.    Any misrepresentation that any goods or services are "Free," "Without Charge," "Without Risk," "Without Further Obligation," or any substantially similar misrepresentation;

C.    Any misrepresentation that the owner of the Covered product is obligated to pay Defendants and that failure to pay may result in collection proceedings against the owner of the Covered product or other actions that could adversely affect that Person's credit status; or

D.    Any misrepresentation that if a consumer is receiving a pop-up window, banner or other content ("pop-up") demanding a payment to Defendants: (1) the Covered product's owner or someone else who used the Covered product knowingly consented to the installation of software to launch the pop-up; (2) the Covered product's owner is obligated to pay any amount of money or other consideration; or (3) the Covered product's owner is responsible to satisfy any contract that any other Person entered into while using the Covered product.

## IV.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, are permanently restrained and enjoined from causing or Assisting others in causing any software program, code, script, or other content ("software") to display on a Covered product, regardless of whether the Covered product's Internet browser is open or closed, any pop-up window, banner, or language ("pop-up") regarding a consumer's purported obligation to pay anyone any amount of money:

A.     more than five times in any calendar day;

B.     more often than once per hour;

C.     that does not contain a clearly labeled button to close the pop-up and silence any audio (including voice and music) that accompanied the display of the pop-up; or

D.     that does not provide a toll-free telephone number and email address that will enable consumers to contact Defendants to inquire about the pop-up.

## V.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, in connection with distributing, downloading, or installing any software program to any Covered product, are permanently restrained and enjoined from (1) failing to include with the download and installation of any such software program a utility that can Uninstall the software program and (2) engaging in any acts or practices that prevent the user of the Covered product from readily locating and removing such software program by using the Covered product's operating system's standard program removal utility, including but not limited to:

A.     hiding or cloaking files, folders or directories;

B.     using random or misleading dates or file names that do not match the way that the software program names are disclosed pursuant to Subparagraph II.A above;

C.     misrepresenting the purpose or effect of files, folders, formats, or registry entries; and

D.    designing or causing files automatically to be reinstalled on a Covered product after a user of the Covered product has removed them.

This paragraph shall not prohibit the downloading of parental control software that requires a user to enter a user-defined password to Uninstall such software.

## VI.

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, authorized representatives and attorneys, and those Persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, corporation, partnership, subsidiary, division, trade name, or other entity, are permanently restrained and enjoined from using or Assisting others in using any software program, code, script, or other content ("software") installed onto any Covered product prior to the date of entry of this Order in connection with an Anonymous free trial with a negative option feature (1) to cause pop-up windows, banners, or language to display on the Covered product; or (2) to communicate with any Covered product for any purpose other than (a) to provide the user of the Covered product with access to entertainment content represented as being available in connection with the installation of the software, (b) to provide the user of the Covered product with access to technical support, or (c) to comply with the other provisions of this Order.

## DEFENDANTS' DISTRIBUTION PARTNER PROGRAMS

## VII.

**IT IS FURTHER ORDERED** that Defendants shall take measures to establish, implement, and thereafter maintain, a comprehensive program that is reasonably designed to ensure that all Distribution partners comply with this Order. Such measures shall include, at a minimum, the following:

A.  Obtaining contact information from any prospective Distribution partner.  In the case of a natural person, Defendants shall obtain the prospective Distribution partner's first and last name, physical address, country, telephone number, email address, and complete payment information, including, where applicable, the complete bank or other account information where payments are to be made.  In the case of corporations, partnerships, proprietorships, limited liability companies, organizations, associations, cooperatives, agencies, or other legal entities, Defendants shall obtain the first and last name, physical address, country, telephone number, and email address for the natural person who owns, manages, or controls the prospective Distribution partner, and complete payment information, including, where applicable, the complete bank or other account information where payments are to be made; and

B.  Prior to Defendants' acceptance of any prospective Distribution partner as a Distribution partner, (1) providing each such Person or entity a copy of this Order; (2) obtaining from each such Person or entity a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order; and (3) providing written notice that engaging in acts or practices prohibited by this Order will result in immediate termination of any Distribution partner account and forfeiture of all monies earned or owed.  Any electronic signature that Defendants obtain pursuant to this paragraph must comply with the signature requirements of the Electronic Signatures in Global and National Commerce Act ("E-Sign Act"), 15 U.S.C. § 7001, et seq.

**MONETARY RELIEF**

## VIII.

**IT IS FURTHER ORDERED** that:

A.  In accord with directions provided by the Federal Trade Commission, Defendants shall pay to the Commission by wire transfer the total sum of $501,367.95 within five (5) days after notice from the Commission that the Court has entered this Order.  Within ten (10) business days after Defendants execute this Order, they shall deposit the sum above in the client trust account maintained by Fulbright & Jaworski LLP to be held until time for payment to the Commission is required hereunder.  If the Commission or the Court does not agree to or approve this Order, the obligation to maintain funds in Fulbright & Jaworski's client trust account under this Order shall terminate.

B.  All funds paid pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States treasury as disgorgement.  The Defendants shall have no right to challenge the Commission's choice of remedies or manner of distribution under this paragraph.

C.  The Defendants relinquish all dominion, control, and title to the funds paid into the account established pursuant to this Order, and all legal

1    and equitable title to the funds shall vest in the Treasurer of the United

2    States unless and until such funds are disbursed to consumers.  The

3    Defendants shall make no claim or demand for the return of the funds,

4    directly or indirectly, through counsel or otherwise; and in the event of

5    bankruptcy, the Defendants acknowledge that the funds are not part of

6    their estates, nor do their estates have any claim or interest therein.

7    D.    Proceedings instituted under this paragraph are in addition to, and not

8          in lieu of, any other civil or criminal remedies that may be provided to

9          the Commission by law, including any other proceedings the

10         Commission may initiate to enforce this Order.

11   E.    Within thirty (30) days of the date of entry of this Order, Defendants

12         shall provide to the Commission a customer list that shows, for anyone

13         who purchased a license Defendants offered in connection with any

14         Anonymous free trial with a negative option feature from August 1,

15         2005 until the date of entry of this Order and who did not, after the

16         expiration of the "free trial" period, obtain authorization to access

17         content that Defendants protect or protected with digital rights

18         management software, (1) the purchaser's name and most recently

19         updated address and contact information and (2) the purchaser's

20         history of payment to Defendants.  The customer list shall be provided

21         in the form of a searchable electronic Document formatted in

22         Microsoft Excel or Microsoft Access and supplied on (1) CD-R CD-

23         ROM disks for Windows-compatible personal computers; or (2) DVD-

24         ROM disks for Windows-compatible personal computers.

**IX.**

26   **IT IS FURTHER ORDERED** that:

A.   The Commission's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of the financial information that Defendants submitted to the Commission, including the .pdf and .xls files that counsel for the Defendants emailed to the Commission on April 10 and 27, 2007, on May 3, 23, and 30, 2007, and on June 8, 2007, all of which the Commission relied upon in negotiating and agreeing to the terms of this Order.  If, upon motion by the Commission to the Court, the Court finds that Defendants made any material misrepresentation or omission in any of the above-referenced materials, monetary judgment will be entered against the Defendants in the amount of $1,801,015.16 and will become immediately due and payable, less any payments already made under this Order.

B.   Defendants agree that in a bankruptcy proceeding involving a nondischargeability complaint, Defendants shall not contest any facts contained in the Commission's Complaint or the amount of the judgment referenced in Subparagraph IX.A above.

**X.**

**IT IS FURTHER ORDERED** that Defendants shall immediately terminate the recurring billing program enrollment of any consumer who (1) enrolled in such program after participating in an Anonymous free trial with a negative option feature that Defendants offered between August 1, 2005 and the date of entry of this Order and (2) has not accessed within sixty (60) days prior to the entry date of this Order any content that Defendants protected with digital rights management software.  Notwithstanding the foregoing sentence, Defendants may re-enroll any such consumer in a recurring billing program offered and assented to in compliance with this Order.

## XI.

**IT IS FURTHER ORDERED** that, within five (5) days of the entry of this Order, Defendants shall post on the movieland.com, moviepass.tv, and popcorn.net websites instructions for Uninstalling from consumers' Covered products all software programs that Defendants distributed, downloaded, or installed onto consumers' Covered products from August 1, 2005 to the date of entry of this Order in connection with Defendants' Anonymous free trials with negative option features.  In addition, within thirty (30) days of the entry of this Order, Defendants shall email the same instructions to all email addresses Defendants collected from August 1, 2005 to the date of entry of this Order from consumers who (1) made payments in connection with Defendants' Anonymous free trials with negative option features and (2) have not accessed within sixty (60) days prior to the entry date of this Order any content that Defendants protected with digital rights management software.

## <u>COMPLIANCE MONITORING</u>

## XII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

    A.    Within ten (10) business days of receipt of written notice from a representative of the Commission, each Defendant who receives such notice shall submit additional written reports, sworn to under penalty of perjury; produce Documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to permit an inspection of the business operation;

DOCUMENT PREPARED ON RECYCLED PAPER

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

    1.    obtaining discovery from any Person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; or

    2.    posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice; and

C.    Defendants shall permit representatives of the Commission to interview any officer, director, employee, employer, consultant, independent contractor, representative, or agent who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present and the Commission must inform such person that they have a right to counsel before any interview is commenced.

*Provided,* **however,** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any Documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

## XIII.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order:

1.    Each individual Defendant, Easton Herd and Andrew Garroni, within ten (10) business days of any such change shall notify the Commission of any of the following changes:

    a.    Any changes in the particular individual Defendant's residences, mailing addresses, or telephone numbers;

    b.    Any changes in the particular individual Defendant's employment status (including self-employment) or any changes in the particular individual Defendant's ownership of any business entity that conducts business in the United States.  Any such notice shall include the name, address, and telephone number of each business that the particular individual Defendant is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of the particular individual Defendant's duties and responsibilities in connection with the business or employment; or

    c.    Any change in the particular individual Defendant's names; and

2.    Defendants shall notify the Commission of any changes in the corporate structure of Digital Enterprises, Inc.; Triumphant Videos, Inc.; Pacificon International, Inc.; Alchemy Communications, Inc; AccessMedia Networks, Inc.; Innovative Networks, Inc.; Film Web, Inc.; Binary Source, Inc.; Mediacaster, Inc.; CS Hotline, Inc.; Frostham Marketing, Inc.; Longview Media, Inc.; or any business entity that conducts business in the United States that Easton Herd or Andrew Garroni directly or indirectly controls, or has an ownership

DOCUMENT PREPARED ON RECYCLED PAPER

interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, ***provided* that**, with respect to any proposed change about which the Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    Sixty (60) days after the date of entry of this Order, the Defendants each shall provide a written report to the Commission, sworn to under penalty of perjury (though the report may be submitted in a single Document sworn to under penalty of perjury by each Defendant), setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

    1.    For each individual Defendant:

        a.    His then-current residence addresses, mailing addresses, and telephone numbers;

        b.    His then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and his title and responsibilities for each such employer or business; and

1                   c.      Any other changes required to be reported under

2                        Subparagraph XIII.A above;

3          2.     For all Defendants:

4                   a.      A copy of each acknowledgment of receipt of this Order,

5                        obtained by each Defendant pursuant to Subparagraph

6                        XV.D below; and

7                   b.      Any other changes required to be reported under

8                        Subparagraph XIII.A above;

9    C.    For purposes of the compliance reporting required by this Order, the

10         Commission is authorized to communicate directly with each of the

11         Defendants, **_provided_** that the foregoing shall not preclude any

12         Defendant from referring the Commission to his or its legal counsel

13         with respect to any communication or response.

14    D.    For purposes of this Order, Defendants shall, unless otherwise directed

15         by the Commission's authorized representatives, mail all written

16         notifications to the Commission to:

17         Associate Director for the Division of Enforcement
Federal Trade Commission
18         600 Pennsylvania Avenue, N.W.
Washington, DC 20580
19         Re: *FTC v. Digital Enterprises, Inc., et al.*, Civil Action No. 06-4923

20         **RECORD KEEPING PROVISIONS**

21         **XIV.**

22       **IT IS FURTHER ORDERED** that for a period of eight (8) years from the

23 date of entry of this Order, Defendants, their successors, assigns, officers, agents,

24 servants, employees, authorized representatives and attorneys, and those Persons or

25 entities in active concert or participation with any of them who receive actual notice

26 of this Order by personal service or otherwise, whether acting directly or through

27 any Person, corporation, partnership, subsidiary, division, trade name, or other

28

1    entity, in connection with any business that (1) any Defendant(s) directly or

2    indirectly controls, or in which any Defendant(s) has a majority ownership interest,

3    (2) conducts business in the United States, and (3) is directly or indirectly engaged

4    in the business of advertising, promoting, marketing, offering for sale or license, or

5    selling or licensing any product or service via the Internet, are restrained and

6    enjoined from failing to create and retain the following records:

7        A.    Accounting records that reflect the cost of products or services sold,

8              revenues generated, and the disbursement of such revenues;

9        B.    Personnel records accurately reflecting:  the name, address, and

10             telephone number of each Person employed in any capacity by such

11             business, including as an independent contractor; that Person's job or

12             position; the date upon which the Person commenced work; and the

13             date and reason for the Person's termination, if applicable;

14       C.    Customer files containing the names, addresses, telephone numbers,

15             dollar amounts paid, quantity of products or services purchased, and

16             description of products or services purchased, to the extent such

17             information is obtained in the ordinary course of business;

18       D.    Complaints and refund requests (whether received directly, indirectly,

19             or through any third party) and any responses to those complaints or

20             requests;

21       E.    Copies of all Advertisements or other marketing materials, including

22             but not limited to any banner, interstitial, pop-up, pop-under, slider,

23             email, instant message, or other Advertisements capable of being

24             displayed or performed on a Covered product or the Internet, and any

25             web scripts or style sheets or other software files or code associated

26             with such Advertisements;

27

28

F.   All Documents upon which Defendants rely to substantiate any representation concerning the matters described in Paragraph III above; and

G.   All records and Documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Subparagraphs VII.B above and XV.D below, and all reports submitted to the FTC pursuant to Paragraph XIII above.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XV.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

    A.    Corporate Defendants: Defendants Digital Enterprises, Inc.; Triumphant Videos, Inc.; Pacificon International, Inc.; Alchemy Communications, Inc; AccessMedia Networks, Inc.; Innovative Networks, Inc.; Film Web, Inc.; Binary Source, Inc.; Mediacaster, Inc.; CS Hotline, Inc.; Frostham Marketing, Inc.; and Longview Media, Inc. must deliver a copy of this Order to all of their employees, agents, and representatives who engage in any conduct related to any of the subject matter of this Order. For current personnel, delivery shall be made within five (5) business days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities.

    B.    Individual Defendants Easton Herd or Andrew Garroni as Control Person: For any business that conducts business in the United States and that Easton Herd or Andrew Garroni controls directly or indirectly, or in which either of them has a majority ownership interest, the individual Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business. The individual Defendant must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in any conduct related to any of the subject matter of the Order. For current personnel, delivery shall be within five (5) business days of

service of this Order upon the Defendants.  For new personnel, delivery shall occur prior to their assuming their responsibilities.

C.   Individual Defendant as employee or non-control person:  For any business that conducts business in the United States where neither Herd nor Garroni is a controlling person of the business but otherwise engages in conduct related to any of the subject matters of this Order, that individual Defendant must deliver a copy of this Order to all principals and direct managers of such business before engaging in such conduct.

D.   The Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from each Person required to receive a copy of the Order pursuant to this paragraph.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

## XVI.

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

### XVII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED,** this _____ day of _____, 2007, at Los Angeles, California.

_____
Honorable Christine A. Snyder
United States District Court Judge

STIPULATED AND AGREED TO BY:

_____   Dated: _____
James A. Trilling
Attorney for Plaintiff
FEDERAL TRADE COMMISSION

_____   Dated: _____
John A. O'Malley
FULBRIGHT & JAWORSKI LLP
Attorney for Defendants
ACCESSMEDIA NETWORKS, INC. and
ALCHEMY COMMUNICATIONS, INC.

_____   Dated: _____
Michael L. Mallow
LOEB & LOEB
Attorney for Defendants
DIGITAL ENTERPRISES, INC.;
TRIUMPHANT VIDEOS, INC.;
PACIFICON INTERNATIONAL, INC.;
INNOVATIVE NETWORKS, INC.;
FILM WEB, INC.;
BINARY SOURCE, INC.;
MEDIACASTER, INC.;
CS HOTLINE, INC.;
EASTON HERD;
and ANDREW GARRONI

ACCESSMEDIA NETWORKS, INC.          Dated: _____

By: _____

Its: _____

ALCHEMY COMMUNICATIONS, INC.   Dated: _____

By: _____

Its: _____

DIGITAL ENTERPRISES, INC.          Dated: _____

By: _____

Its: _____

TRIUMPHANT VIDEOS, INC.          Dated: _____

By: _____

Its: _____

PACIFICON INTERNATIONAL, INC.   Dated: _____

By: _____

Its: _____

INNOVATIVE NETWORKS, INC.          Dated: _____

By: _____

Its: _____

FILMWEB, INC.          Dated: _____

By: _____

Its: _____

BINARY SOURCE, INC.          Dated: _____

By: _____

Its: _____

DOCUMENT PREPARED
ON RECYCLED PAPER

MEDICASTER, INC.                          Dated: _____

By: _____

Its: _____

CS HOTLINE, INC.                          Dated: _____

By: _____

Its: _____

FROSTHAM MARKETING, INC.                  Dated: _____

By: _____

Its: _____

LONGVIEW MEDIA, INC.                      Dated: _____

By: _____

Its: _____

_____                 Dated: _____
EASTON HERD
Individually and in his capacity as an officer of _____


_____                 Dated: _____
ANDREW GARRONI
Individually and in his capacity as an officer of _____

DOCUMENT PREPARED
ON RECYCLED PAPER