**ATTACHMENT 10**

**TO REILLY DECL.**

**EMAIL RE PRIVILEGE LOG**

## Christine Reilly

| | |
|---|---|
| **From:** | Morelli, Mark [MMORELLI@ftc.gov] |
| **Sent:** | Monday, October 04, 2010 12:08 PM |
| **To:** | Christine Reilly |
| **Cc:** | Karen Thorland; Tucci, Elizabeth; Hunter, Zachary |

**Subject:** RE: Privilege Log

Christine,

Thank you for your email responding to our concerns about your failure to provide a privilege log. In our view, however, your belated email does not satisfy the requirements of Rule 26(b)(5)(A) and is not an adequate substitute for a privilege log. Given the short deadlines in this case, your failure to provide a privilege log has seriously compromised our ability to assess your privilege claims.

Under Rule 26(b)(5)(A), you were required to assert any privilege claims at the time of your production, and the claims must have been made with sufficient specificity to allow us to assess the claims. If, for some reason, you believed that Rule 26(b)(5)(A) should not apply to your privilege claims, you should have spoken with us to determine if we could work out a mutually satisfactory arrangement for asserting privilege claims or sought a protective order. You should not have simply failed to provide a privilege log.

In any event, your belated email does not provide us with a sufficient basis to assess your privilege claims. We do not agree that all communications between Loeb and your client are "clearly privileged and not subject to production." As you know, not all communications between attorneys and their clients are privileged, and the privilege can be waived. For example, in their opposition to the Order to Show Cause, the Defendants specifically relied on communications between themselves and their attorney to support their contention that they took various steps to modify their marketing to address the FTC's concerns about third-party marketing of similar products. We obviously are entitled to discovery of those communications and any related documents, and, more generally, we are entitled to a description of other documents and communications for which you are claiming privilege so that we can assess the validity of your privilege claims.

Best,
Mark

> **From:** Christine Reilly [mailto:creilly@loeb.com]
> **Sent:** Friday, October 01, 2010 4:02 PM
> **To:** Morelli, Mark
> **Cc:** Karen Thorland; Karen Thorland; Tucci, Elizabeth; Hunter, Zachary
> **Subject:** EDP: Privilege Log
>
> Hi Mark,
>
> You had inquired about a privilege log when I was out of the office. I also noticed that the FTC raises this issue in its motion to compel. The only FTC requests possibly calling for privileged information and for which privileged documents were withheld were Request No. 8 (all documents concerning proposed or actual changes to Starter Credit Direct) and Request No. 13 (all documents concerning your defenses in this Contempt Proceeding). As to the former, all privileged communications were between our client and Loeb after the FTC served its July 23, 2009 Request for Documents and Information, and the great bulk of the communications was after the FTC filed its contempt application. As to the latter request, all privileged communications were between our client and Loeb and would have been after the FTC filed its contempt application. I'm sure the FTC was not intending for the request to encompass attorney-client privileged communications regarding contempt defenses in any case. All communications between Loeb and our client are clearly privileged and not subject to production. With this information, I believe we can streamline the motion to compel with at least one less issue for the

10/4/2010

Court to consider. Please let me know if you disagree. Hope you had a safe and pleasant return home yesterday evening.

Regards,
Christine

**Christine Reilly**
*Attorney At Law*


LOEB & LOEB LLP

10100 Santa Monica Blvd., Suite 2200 | Los Angeles, CA 90067
**Direct Dial:** 310.282.2361 | **Fax:** 213.652.1830 | **Email:** creilly@loeb.com

Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

10/4/2010