1  MICHAEL L. MALLOW (SBN 188745)
   mmallow@loeb.com
2  CHRISTINE M. REILLY (SBN 226388)
   creilly@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:   310-282-2200

6  Attorneys for Defendants
   EDEBITPAY, LLC, DALE PAUL CLEVELAND
7  And WILLIAM RICHARD WILSON

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 FEDERAL TRADE COMMISSION,          )  Case No. 07-4880 ODW (AJWx)
                                       )
13           Plaintiff,                )  Assigned to Hon. Otis D. Wright II
                                       )
14      v.                             )
                                       )
15 EDEBITPAY, LLC; EDP                 )  **DEFENDANTS' MOTION TO STAY**
   REPORTING, LLC; EDP                 )  **EXECUTION OF THE MONETARY**
16 TECHNOLOGIES CORPORATION;           )  **JUDGMENT PENDING APPEAL**
   SECURE DEPOSIT CARD, INC.;          )
17 DALE PAUL CLEVELAND;  and           )
   WILLIAM RICHARD WILSON,             )  [filed concurrently with the Notice of
18                                     )  Motion, Declarations of Dale Paul
           Defendants.                 )  Cleveland, William Richard Wilson,
19                                     )  Martha Ortega-Leon, and Michael L.
                                       )  Mallow]
20                                     )
                                       )
21                                     )  Hearing Date: July 11, 2011
                                       )  Time: 1:30 p.m.
22                                     )  Courtroom: 11
                                       )  Judge: Hon. Otis D. Wright
23                                     )
                                       )
24                                     )
                                       )
25 _____ )

26                   **PUBLIC VERSION**

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND ................................................................................. 2

III.    LEGAL STANDARD ......................................................................... 3

IV.     ARGUMENT ...................................................................................... 5

     A.   Defendants Cannot Provide the Cash Collateral or an
        Irrevocable Letter of Credit Required to Obtain a
        Supersedeas Bond ..................................................................... 5

     B.   The Court Should Waive the Supersedeas Bond
        Requirement ............................................................................... 8

     C.   Alternatively, the Court Should Grant A Stay Conditioned
        on Alternate Security ............................................................... 13

V.      CONCLUSION ................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.,
  190 F.R.D. 190 (E.D. Va. 1999) ................................................................. 4, 20

Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.,
  No. C 04-3518 SBA, 2007 WL 1520952, at *1 (N.D. Cal. May 23, 2007) ............................. 4

Am. Hosp. Supply Corp. v. Hosp. Prods. Ltd.,
  780 F.2d 589 (7th Cir. 1986) ................................................................. 13

Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.,
  87 S. Ct. 1 (1966) ................................................................. 3

C. Albert Sauter Co. v. Richard S. Sauter Co.,
  368 F. Supp. 501 (E.D. Pa. 1973) ................................................................. 21

Conn. Gen. Life Ins. Co. v. Riner,
  No. 1:00 CV 00065, 2005 WL 151933 (W.D. Va. Jan. 24, 2005) ............................. 5

Dillon v. City of Chicago,
  866 F.2d 902 (7th Cir. 1988) ................................................................. 8, 10, 13

Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,
  636 F.2d 755 (D.C. Cir. 1980) ................................................................. 4

Hilton v. Braunskill,
  481 U.S. 770 (1987) ................................................................. 3

In re Barnes,
  119 B.R. 552 (S.D. Ohio 1989) ................................................................. 15

In re Skinner,
  202 B.R. 867 (W.D. Va. 1996) ................................................................. 15-16

In re Wymer,
  5 B.R. 802 (B.A.P. 9th Cir. 1980) ................................................................. 14-15

Int'l Telemeter Corp. v. Hamlin Int'l Corp.,
  754 F.2d 1492 (9th Cir. 1985) ................................................................. 4-5, 8, 13

MDY Indus., LLC v. Blizzard Entm't, Inc.,
  CV-06-2555-PHX-DGC, 2009 WL 649719 (D. Ariz. Mar. 10, 2009) ................................. 5

**Page(s)**

*Miami International Realty Co. v. Paynter,*
    807 F.2d 871 (10th Cir. 1986) .................................................................. 19

*Olympia Equip. Leasing Co. v. W. Union Tel. Co.,*
    786 F.2d 794 (7th Cir. 1986) ............................................................. Passim

*Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,*
    600 F.2d 1189 (5th Cir. 1979) .................................................................. 14

*Rachel v. Banana Republic, Inc.,*
    831 F.2d 1503 (9th Cir. 1987) .............................................................. 4, 13

*SEC v. Jasper,*
    No. C 07-06122 JW, 2010 WL 5174351 (N.D. Cal. Dec. 15, 2010) ................... 19-20

*SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.,*
    No. 96-1231-IEG(POR), 1999 WL 33554683 (S.D. Cal. Mar. 10, 1999) ............... 5

*Szyszko v. Szyszko,*
    No. 01 C 2417, 2001 WL 664553 (N.D. Ill. June 12, 2001) ......................... 5, 15, 18

*Taylor v. Horizon Distribs., Inc.,*
    No. CV-07-1984-PHX-DGC, 2010 WL 582108 (D. Ariz. Feb. 17, 2010) ............. 4

*Texaco, Inc., v. Pennzoil Co.,*
    784 F.2d 1133 (2d Cir. 1986), *reversed on other grounds by Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987) .................................................................. 10, 14

*Townsend v. Holman Consulting Corp.,*
    881 F.2d 788 (9th Cir. 1989), *vacated on reh'g on other grounds,* 929 F.2d 1358 (9th Cir. 1990) *(en banc)* .................................................................. 4, 8, 13-14

*Townsend v. Holman Consulting Corp.,*
    929 F.2d 1358 (9th Cir. 1990) .................................................................. 4

*Unisplay S.A. v. Am. Elec. Sign Co.,*
    No. CS 92-214-JLQ, 1994 WL 16780688 (E.D. Wash. July 1, 1994) ............... 4, 14

*United States ex rel. Small Bus. Admin. v. Kurtz,*
    528 F. Supp. 1113 (E.D. Pa. 1981) .................................................................. 21

*United States v. Boyce,*
    148 F. Supp. 2d 1069 (S.D. Cal. 2001) .................................................................. 8

*United States v. Boyce,*
    No. 99cv0003-L(POR), 2001 WL 34808213 (S.D. Cal. Apr. 27, 2001) ............... 22

**Page(s)**

*United States v. Indianapolis Baptist Temple,*
    No. IP 98-0498-C-B/S, 1999 WL 1249452 (S.D. Ind. Nov. 10, 1999)............................Passim

*United States v. Moyer,*
    No. C 07-00510 SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008) ........................ 8

*United States v. Simmons,*
    No. CV F 96-5948 AWI DLB, 2002 WL 1477460 (E.D. Cal. May 14, 2002)........................ 4

*Wu v. Doucette,*
    No. EDCV07-01584-VAP(OPx), 2010 WL 3368118 (C.D. Cal. Aug. 25, 2010)................... 4

S‌TATUTES

11 U.S.C. § 522(b)(3)(C) ........................................................................................................... 7

11 U.S.C. § 522(d)(12) ............................................................................................................... 7

29 U.S.C. § 1056(d)(1) ............................................................................................................... 7

Cal. Civ. Proc. Code § 697.310................................................................................................. 14

Cal. Civ. Proc. Code § 704.115................................................................................................... 7

O‌THER A‌UTHORITIES

Fed. R. Appel. P. 8(a)(1) ............................................................................................................. 3

Fed R. Civ. P. 62 .................................................................................................................... 3-4

Fed. R. Civ. P. 62(d)................................................................................................... 1, 3-4, 16

## I.   INTRODUCTION

Having taken their fair share of the Federal Trade Commission's ("FTC") wrath since this case began in 2007, Defendants Dale Paul Cleveland ("Cleveland") and William Richard Wilson ("Wilson") ███████████████████████████ ████████████████████████████████████████████████████ The FTC knows this.  Defendants want to make good on their debt and pay the judgment in full, should they lose their appeal. ███████████████████ ██████████████████████████████████████████   The FTC knows this as well.

███████████████████████████████████████████████

███████████████████████████████████████████

███ ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

Defendants request a stay of the monetary judgment pursuant to Federal Rule of Civil Procedure 62(d) without a supersedeas bond ██████████████████ ████ ██████████████████████████████████████ ████████████████████████, █████████████████████ ██████████████████   This alone should adequately protect the FTC's interest while Defendants' appeal is pending and should be sufficient to grant a stay.  Accordingly, Defendants request a stay of the judgment on this basis alone. Alternatively, Defendants request a stay of the judgment that would provide for the

DEFENDANTS' MOTION TO STAY EXECUTION OF
THE MONETARY JUDGMENT PENDING APPEAL

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ███████████████████████████ Defendants respectfully request that the Court

4 exercise its broad discretion and grant the requested relief while their appeal is

5 pending before the Ninth Circuit Court of Appeals.

6 **II.    BACKGROUND**

7       On January 22, 2008, this Court entered a Stipulated Final Order for

8 Permanent Injunction and Monetary Relief pursuant to the parties' settlement of the

9 underlying litigation ("Final Order").  (Doc. No. 35).[1]  In May 2010, the FTC filed

10 an application for an order to show cause why Defendants EDP and Mssrs.

11 Cleveland and Wilson (collectively "Defendants") should not be held in contempt of

12 the Final Order, which the Court granted.  (Doc. Nos. 43, 62).  After hearing live

13 testimony on the matter, on February 3, 2011, the Court issued its Order Holding

14 Defendants in Contempt of January 22, 2008 Final Order and Ordering Sanctions

15 ("Contempt Order") and ordered Defendants to pay compensatory sanctions in the

16 amount of $3,778,315.04.  (Doc. Nos. 114, 131).  On March 16, 2011, Defendants

17 appealed the Contempt Order to the Ninth Circuit.  (Doc. No. 120).

18       On May 2, 2011, after the FTC's motion asking the Court to reset its motion

19 to modify the Final Order was denied (Doc. No. 131), the FTC sent a letter to

20 Defendants demanding payment of the entire judgment amount of $3,778,315.04

21 plus accrued interest within ten (10) days.  Mallow Decl. ¶ 2, Ex. 1.  █████████

22 ████████████████████████████████████████████████

23 ████████████████████████████████████████████

24 ████████████████████████████████████ ███

25 ████████████████████████████████████████

26

27

28 _____

[1] "Doc. No." denotes references to the Court's docket.

1 ▓▓▓▓▓▓▓▓▓▓▓▓ The FTC has

2 nonetheless stated that it intends to move forward with execution of the judgment

3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ On June 1, 2011,

5 the FTC also filed with the California Secretary of State a Notice of Judgment Lien

6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mallow Decl. ¶ 4, Ex. 3. ▓▓▓▓

7 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defendants respectfully request that the

9 Court stay the judgment pending appeal without a bond, or alternatively, grant a

10 partially secured stay.

11 **III.   LEGAL STANDARD**

12      Federal Rule of Appellate Procedure 8(a)(1) provides, "A party must

13 ordinarily move first in the district court for the following relief: (A) a stay of the

14 judgment or order of a district court pending appeal; (B) approval of a supersedeas

15 bond; or (C) an order suspending, modifying, restoring, or granting an

16 injunction…." A party moving for relief from a judgment in the district court does

17 so pursuant to Federal Rule of Civil Procedure 62. *Hilton v. Braunskill*, 481 U.S.

18 770, 776 (1987).

19      Stays of money judgments are governed by Federal Rule of Civil Procedure

20 62(d). "[A] party taking an appeal from the District Court is entitled to a stay of a

21 money judgment as a matter of right if he posts a [supersedeas] bond in accordance

22 with Fed. R. Civ. P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-*

23 *Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *Acacia Research Corp. v. Nat'l*

24 *Union Fire Ins. Co.*, No. SA CV 05-501 PSG (MLGx), 2008 WL 4381649, at *1

25 (C.D. Cal. Sept. 9, 2008) (Rule 62(d) "entitles a defendant to an automatic stay"

26 

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



1    upon the posting of a supersedeas bond). "The purpose of a supersedeas bond is to

2    secure the appellees from a loss resulting from the stay of execution." *Rachel v.*

3    *Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

4          Although not stated in Rule 62(d), the "court also has discretion to stay

5    execution of judgment pending appeal without requiring a bond." *Am. Color*

6    *Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, No. C 04-3518 SBA, 2007 WL

7    1520952, at *1 (N.D. Cal. May 23, 2007) (citations omitted). *See also Taylor v.*

8    *Horizon Distribs., Inc.*, No. CV-07-1984-PHX-DGC, 2010 WL 582108, at *1 (D.

9    Ariz. Feb. 17, 2010) ("In certain circumstances, a district court may waive the bond

10   requirement and still stay the judgment."); *United States v. Simmons*, No. CV F 96-

11   5948 AWI DLB, 2002 WL 1477460, at *2 (E.D. Cal. May 14, 2002). Specifically,

12   the court has broad discretion to waive the requirements of a bond when justified by

13   the equities. *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir.

14   1989) ("[T]he district court has broad discretionary power to waive the bond

15   requirement if it sees fit."), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th

16   Cir. 1990) (*en banc*); *Unisplay S.A. v. Am. Elec. Sign Co.*, No. CS 92-214-JLQ,

17   1994 WL 16780688, at *1 (E.D. Wash. July 1, 1994). Accordingly, courts have

18   deviated from the requirements of Rule 62 when the equities so require. *Int'l*

19   *Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985).

20         Not only can the district court waive the bond requirement entirely, but the

21   court also "has discretion [] to grant a stay upon the posting of security other than a

22   bond." *Wu v. Doucette*, No. EDCV07-01584-VAP(OPx), 2010 WL 3368118, at *1

23   (C.D. Cal. Aug. 25, 2010); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636

24   F.2d 755, 759 (D.C. Cir. 1980) (Rule 62 "in no way necessarily implies that filing a

25   bond is the only way to obtain a stay."); *Townsend v. Holman Consulting Corp.*, 929

26   F.2d 1358, 1367 (9th Cir. 1990) ("[W]e have held that the district court may permit

27   security other than a bond."); *Alexander v. Chesapeake, Potomac & Tidewater*

28   *Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999) (noting that every circuit to

1   address the issue has recognized a court's inherent, discretionary power to stay

2   judgments pending appeal on terms other than a full supersedeas bond); *SIBIA*

3   *Neurosciences, Inc. v. Cadus Pharm. Corp.*, No. 96-1231-IEG(POR), 1999 WL

4   33554683, at *4 (S.D. Cal. Mar. 10, 1999).  Acceptance of an alternate form of

5   security is appropriate where it is impossible or impracticable for the party to post a

6   supersedeas bond, and the proposed alternative is adequate to safeguard the interests

7   of the other party.  *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794,

8   796 (7th Cir. 1986).

9        The court has very broad discretion in fashioning such alternate security and

10   "allow[ing] other forms of judgment guarantee."  *Int'l Telemeter*, 754 F.2d at 1495.

11   *See, e.g., id.* (allowing appellant to place money in escrow account as an alternative

12   form of judgment guarantee); *Olympia Equip.*, 786 F.2d at 796 (approving an

13   alternate security interest in the form of a pledge of cash, accounts receivable, and a

14   security interest in physical assets); *MDY Indus., LLC v. Blizzard Entm't, Inc.*, CV-

15   06-2555-PHX-DGC, 2009 WL 649719, at *6 (D. Ariz. Mar. 10, 2009) (ordering all

16   present and future profits from the sale of product or other operations into an

17   approved escrow account); *Conn. Gen. Life Ins. Co. v. Riner*, No. 1:00 CV 00065,

18   2005 WL 151933, at *1 (W.D. Va. Jan. 24, 2005) (approving funds deposited with

19   court as alternate security); *Szyszko v. Szyszko*, No. 01 C 2417, 2001 WL 664553, at

20   *3 (N.D. Ill. June 12, 2001) (approving real property interest as alternate security

21   with certain conditions where the property was the subject matter of the litigation).

22   **IV.   ARGUMENT**

23        **A.**   ████████████████████████████████████████

24             ████████████████████████████████

25        ████████████████████████████████████████████

26   ████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████

28        ████████████████████████████████████████



DEFENDANTS' MOTION TO STAY EXECUTION OF
THE MONETARY JUDGMENT PENDING APPEAL



1    ███████████ they request a stay pending appeal and a waiver of the

2 supersedeas bond requirement.

     **B.**    **The Court Should Waive the Supersedeas Bond Requirement**

4        The Ninth Circuit has not articulated a standard for evaluating the equities to

5 be considered in waiving the supersedeas bond requirement.  As a result, this Court

6 retains broad discretionary power to weigh the equities as it sees fit.  *See Townsend*,

7 881 F.2d at 796; *Int'l Telemeter*, 754 F.2d at 1495.  Many courts (including those in

8 the Ninth Circuit) consider the *Dillon* factors, which though not binding on this

9 Court, provide useful guidance:

10        When determining whether to waive the posting of bond, the district court

11 may look to several criteria enumerated by this court: (1) the complexity of the

12 collection process; (2) the amount of time required to obtain a judgment after it is

13 affirmed on appeal; (3) the degree of confidence that the district court has in the

14 availability of funds to pay the judgment; (4) whether "the defendant's ability to pay

15 the judgment is so plain that the cost of a bond would be a waste of money"; and (5)

16 whether the defendant is in such a precarious financial situation that the requirement

17 to post a bond would place other creditors of the defendant in an insecure position.

18 *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (citations omitted);

19 *United States v. Boyce*, 148 F. Supp. 2d 1069, 1096 (S.D. Cal. 2001); *United States*

20 *v. Moyer*, No. C 07-00510 SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12,

21 2008).  These factors weigh in favor of waiving the bond requirement in this case.

22       First, the collection process will not be complex and the amount of time

23 required to obtain a judgment should be brief ████████████████████████

24 ███████████████████████ ██████████████████

25 █████████████████████████████████████████

26 ████████████████████████████████████

27 ██████████████████████████████████

28 ██████████████████████████████████



DEFENDANTS' MOTION TO STAY EXECUTION OF
THE MONETARY JUDGMENT PENDING APPEAL



Under these circumstances, the third *Dillon* factor concerning the availability of funds to pay the judgment militates in favor of staying the judgment, waiving the bond requirement,

*See Texaco, Inc., v. Pennzoil Co.*, 784 F.2d 1133, 1154, 1155 (2d Cir. 1986), *reversed on other grounds by Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), ("[N]o bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered[.]").



DEFENDANTS' MOTION TO STAY EXECUTION OF
THE MONETARY JUDGMENT PENDING APPEAL

The FTC ███████████████████████████████████ is only a potential creditor until an appeal decision is rendered in its favor. ████████████





13      Given the particular circumstances in this case, the equities lie in favor of

14 waiving the supersedeas bond requirement entirely.[5] *Dillon*, 866 F.2d at 904-05;

15 *Rachel*, 831 F.2d at 1505 n.1 (district court has "inherent discretionary authority"

16 with respect to setting bond); *Townsend*, 881 F.2d at 796; *Int'l Telemeter*, 754 F.2d

17 at 1495.  The Court should grant a stay without a supersedeas bond with no further

18 requirements

19      **C.      Alternatively, the Court Should Grant A Stay Conditioned on**
                **Alternate Security**

20

21      In the event the Court is not inclined to exercise its broad discretion and

22 waive the supersedeas bond requirement, it should condition a stay on alternate

23 security

24

25

26 ─────────

27 5

28



Alternate security is appropriate where it is impossible or impracticable for defendants to post a supersedeas bond, and the proposed security is adequate to safeguard the interests of the judgment creditor. *Olympia Equip.*, 786 F.2d at 796; "[T]he most common justification for allowing alternatives to a supersedeas bond is the financial hardship that the bond may impose[.]" *Unisplay*, 1994 WL 16780688, at *1 (citing *Townsend*, 881 F.2d at 796-97). Where "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court…is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980) (citations and internal quotations omitted); *see also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Courts "seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Texaco*, 784 F.2d at 1154.

---

[6] ███████████████████████████████████████████████████

[7] Defendants also agree not to sell, transfer, convey, encumber, pledge or in any other manner, dissipate any asset or assets, or any other things or rights of any value, other than is reasonably necessary to provide for their costs of living, to operate EDP, ███████████████████





8  It is not uncommon for courts to grant partially secured stays while an appeal

9  is pending and many courts have recognized that partial security is appropriate

10  where a judgment debtor cannot satisfy the full judgment. *See Olympia Equip.*, 786

11  F.2d at 800 (Easterbrook, J. concurring) ("When the judgment debtor lacks the

12  assets or credit necessary to pay at once and in full, this means that the judge should

13  give the creditor less than complete security."). Several cases on point are discussed

14  at length below.

15  In *Indianapolis Baptist Temple*, defendant Indianapolis Baptist Temple

16  ("IBT") moved the Court, pursuant to Fed. R. Civ. P. 62(d), to stay execution of a

17  money judgment in the amount of over $5.7 million entered in favor of the United

18  States for tax liabilities. Foreclosure on IBT's real property "represent[ed] the

19  United States' primary (if not only) means of collecting on its judgment." 1999 WL

20  1249452, at *1. The fair market value[9] of the properties "substantially, although not

21  fully, would satisfy IBT's $5.7 million tax liability." *Id.* Further, the government

22  had already obtained a secured interest in the properties. IBT claimed that it could

23  not afford to purchase a supersedeas bond without endangering payments to other

24  creditors and without risking its financial stability. IBT also argued that staying

25  execution of the judgment, and specifically foreclosure of the properties, would not

_____

27  [9] In using the fair market value, the court noted that "[w]hile the fair market value of

28  the Church property may not identically match the ultimate sale price, it provides a
reasonable estimation of the property's value." 1999 WL 1249452, at *1 n.2.

1   threaten the United States' interest in the properties since that option would still
2   exist after its appeal was resolved.

3       The court exercised its broad discretion, granted IBT's motion to stay and
4   held that the government's interests were adequately, though not completely,
5   protected during the appeal. The court relied on the fact that the government had
6   already obtained a secured interest in the properties. *Id.,* at *3. It took into
7   consideration that "IBT's current assets fall well short of satisfying [the] full
8   judgment even if the United States were to foreclose immediately" and that "the
9   bulk of the United States' judgment [wa]s protected" through its tax lien on the
10  property. *Id.* The court went even further, finding that IBT's continuing mortgage
11  payments during the appeal would "inure to the United States' benefit since IBT's
12  equity in its property increases in the event of a foreclosure" and that "[t]hese
13  payments effectively serve[d] as monthly installment payments to the United States
14  if it prevail[ed] on appeal." *Id.* The court was also persuaded that the sale or
15  transfer of the properties was a "straightforward real estate transaction that we
16  would not characterize as complex in nature." *Id.,* at *4. Lastly, the court
17  considered that the cost of the bond alone "would jeopardize both IBT's financial
18  stability and the position of its creditors," given its low cash balance and "steady
19  decline in cash assets" in the last few years. *Id.*





The FTC's secured interest will continue to exist after the appeal, unless the judgment is reversed.

The FTC's secured property interest is also adequate because it substantially covers the judgment amount and will still be available to the FTC once the appeal is resolved.

1    The case of *SEC v. Jasper*, No. C 07-06122 JW, 2010 WL 5174351 (N.D.

2  Cal. Dec. 15, 2010) is also illustrative.  There, the district court awarded $2.2

3  million in civil penalties and forfeitures to the Securities & Exchange Commission

4  ("SEC").  The defendant moved for a stay pending appeal on the basis that it could

5  not afford the judgment or a bond.  The court held that a $110,000 bond and a lien

6  on property worth $890,000 (defendant's most valuable asset) for a total of $1

7  million was "sufficient security" even though the security was worth ***less than half***

8  the judgment amount. 2010 WL 5174351, at *1.  The amount was deemed

9  "sufficient" because defendant's "liquid assets [we]re minimal" and "his total assets

10  [we]re not sufficient to cover the Judgment." *Id.*  The court found that "the SEC

11  will not suffer any real prejudice from a stay but that enforcing the Judgment in full

12  may prejudice Defendant." *Id.*

13    In yet another case, *Miami International Realty Co. v. Paynter*, 807 F.2d 871

14  (10th Cir. 1986), the district court stayed execution of a $2.1 million judgment

15  against a defendant lawyer and his firm upon the malpractice insurance carrier

16  placing $500,000 into an interest bearing escrow account, the full amount of the

17  malpractice insurance coverage.  On appeal, the plaintiff argued that the district

18  court abused its discretion in granting a stay of execution based on less than the full

19  judgment amount.  The Tenth Circuit affirmed the partially secured stay.  The

20  judgment debtor's motion to stay was supported by an affidavit stating that he did

21  not have sufficient assets to post a supersedeas bond for $1.6 million dollars above

22  his malpractice insurance coverage and that execution of the judgment would cause

23  him irreparable harm and place him in insolvency.  The judgment debtor was

24  enjoined from transferring any assets, save those necessary for living and engaging

25  in his business, and the plaintiff was permitted to explore the debtor's financial

26  condition.  The appellate court expressly considered that the judgment creditor did

27  not contradict the judgment debtor's evidence that he was financially unable to post

28  a full bond and that execution on the judgment would place him in insolvency.

1    Still other courts have held that a judgment debtor need only post alternate

2   security in an amount reflecting their present ability to pay, even if that amount is

3   significantly less than the judgment amount.  In *Alexander v. Chesapeake, Potomac*

4   *& Tidewater Books, Inc.*, 190 F.R.D. 190 (E.D. Va. 1999), a judgment was issued in

5   the amount of $127,548.  The defendants were "arguably insolvent" and "their

6   combined assets could not satisfy half the judgment," but the defendants had set

7   aside $16,175.50 for payment to the plaintiffs.  190 F.R.D. at 193.  "[W]here, as

8   here, the judgment debtor has not the means to secure a full supersedeas bond, a stay

9   may issue if the judgment debtors [] provide security such that plaintiffs will be in

10  nearly the same position at the conclusion of the appeal of this case as they are

11  currently.  ***Such a bond or security may well be significantly less valuable than the***

12  ***amount of the damages award***.  In other words, any security or bond offered by

13  defendants in this case should simply reflect and preserve defendants' current ability

14  to satisfy the judgment."  190 F.R.D. at 193 (emphasis added; citation omitted).

15  Accordingly, the court ordered the defendants to post a bond in the amount of

16  $16,715.50 or place the sum in an escrow account.  ███████████████

17  ████████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ███████████████████████████████████

23  ███████████████████████████████████████████

24  ████████████████████████████████████████████

25  ███████████████████████████████████████████

26  ██████████████████████████████████████████

27  ████████████████████████████████████████████

28  ███████████████████████████████████████



The partial security offered is "adequate (or as adequate as possible)" given the present circumstances. *United States ex rel. Small Bus. Admin. v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981) (appellant must "propose a plan that will provide adequate (or as adequate as possible) security for the appellee").

## V.  CONCLUSION

The equities of this case weigh in favor of granting a stay of the monetary judgment without a bond while Defendants' appeal is pending,



1

2

3

4

5

6

7

8

9

10   For the reasons set forth above, Defendants' motion to stay execution of the

11 judgment pending appeal should be granted.  To the extent the Court has questions,

12 needs additional information or believes the evidence submitted is not yet sufficient,

13 Defendants respectfully request an opportunity to submit additional material. *See*

14 *United States v. Boyce*, No. 99cv0003-L(POR), 2001 WL 34808213 (S.D. Cal. Apr.

15 27, 2001) (noting that real property may serve as "an appropriate alternate form of

16 security" but reserving ruling on the issue until parties had opportunity to obtain and

17 review additional information).

18

19 Dated:  June 13, 2011

LOEB & LOEB LLP
MICHAEL L. MALLOW
CHRISTINE M. REILLY


By: /s/ Christine M. Reilly
Christine M. Reilly
Attorneys for Defendants EDEBITPAY,
LLC, DALE PAUL CLEVELAND and
WILLIAM RICHARD WILSON

20

21

22

23

24

25

26

27

28